Beiser *vs.* The State of Georgia.

---

BEISER *vs.* THE STATE OF GEORGIA.

1. The eighth section of the act of September 18, 1885, known as the general local option law, provides "that nothing in this act shall be so construed as to prevent the manufacture, sale and use of domestic wines or cider, or the sale of wines for sacramental purposes; provided such wines or cider shall not be sold in bar-rooms by retail":

*Held,* that the word " bar-room," as used in this section of the act, meant a place for the sale of intoxicating liquors (*i. e.* wines) by retail for consumption at the place of sale.

2. A sale of wines by retail means the sale in quantities less than one quart. It is such a sale which is prohibited, and not the drinking of the wine in the bar-room; and therefore where one sells domestic wine in quantities not less than a quart and suffers others to drink it upon the premises, this does not constitute retailing or make the seller guilty of a violation of this act.

(*a*) The act of 1884 (acts 1884–5, p. 42) merely provides that one who sells in quantities less than a gallon and not less than a quart shall obtain a license in the same way as persons who sell in quantities less than one quart, but it does not make him a retailer.

November 1, 1887.

Criminal Law. Words and Phrases. Liquor. Before Judge VAN EPPS. City Court of Atlanta. March Term, 1887.

Reported in the decision.

R. B. BARNES; GARTRELL & LADSON, for plaintiff in error.

H. C. GLENN, solicitor city court, for the State.

BLANDFORD, Justice.

The plaintiff in error was indicted for a misdemeanor, "for that," as the indictment alleges, "the said Beiser, on the 3rd day of December, 1886, did sell domestic wine by retail to one S. Y. Crow and other persons to the grand jurors unknown, in a bar-room where by law such sale of said wine is prohibited, contrary to the laws," etc. He was found guilty, and he moved for a new trial on several grounds, the 7th and 8th special grounds being as follows:

7th. Because the court erred in charging the jury as follows, to-wit: "The expression 'by retail,' as used in this connection, means the sale of wine or liquors of the character mentioned, in any quantity, whether by the drink, or quart, or gallon, where it is intended by both seller and buyer that the quantity of such liquors sold shall be drunk on the premises, and not conveyed away by the purchaser in the packages in which it was sold, but consumed where sold."

8th. Because the court erred in charging the jury as follows, to-wit: " And in this case, if you believe from the evidence that this defendant did, in this county, on the day mentioned in the indictment, or on any other day between the first day of July, 1886, and the date of the filing of the indictment, which you will find endorsed on the back thereof, sell domestic wine, that is, wine the fermented juice of the grape, or wine the product of the fermented juice of other fruit, which, if drunk to excess, will produce intoxication, manufactured anywhere within the limits of the United States; and that he sold it in a barroom, that is, in a place occupied for and used in the business of selling alcoholic, spirituous, or malt or vinous liquors, or either of them, to be consumed on the premises where sold; and that he sold it in any quantity, whether by the drink or by the bottle, under circumstances where he, as well as the· purchaser, intended it should not be taken away in the bottles, glasses or other packages in which it was sold, but was drunk by the purchaser in the place where sold, and you believe all these facts beyond a reasonable doubt, then the defendant is guilty, and you should so find by your verdict."

The court refused to grant the motion for new trial, and this is assigned as error.

1. The question in this case is, what is meant by " barroom," and by " retail," as contained in the 8th section of the act of the 18th of September, 1885, known as " the general local option law " of this State. The 8th section provides " that nothing in this act shall be so construed as to prevent the manufacture, sale and use of domestic wines or cider, or the sale of wines for sacramental purposes; provided, such wines or cider shall not be sold in bar-rooms by retail," etc.

What is a bar-room as used in this act? In the ordinary acceptation, a bar-room is a place for the sale of intoxicating liquors by retail for consumption at the place of sale. And we think the legislature, by the use of the

word bar-room, in this section of the act, meant a place for the sale of intoxicating liquors, wines, by retail, for consumption at the place of sale.

2. Then the question arises, what is meant by the proviso to said section, that "wines or cider shall not be sold in bar-rooms by retail"? The code, section 1424, says : "The sale of such liquor in quantities less than one quart makes the seller a retailer." That is the definition of "retailer" given by the code itself. Section 1420 of the code provides that "venders of any quantity of spirituous liquors less than one gallon shall take and subscribe the foregoing oath," which is required of retailers, as set forth in section 1419 of the code. In the acts of 1884, p. 42, is "an act to amend section 1419 of the code of 1882 so as to give ordinaries and county commissioners of roads and revenues the same discretion in granting or refusing license to sell spirituous liquors in quantities less than one gallon that they have in granting or refusing a license to retail." We think it is very clear that this act last cited does not make one who sells in quantities less than one gallon and a quart or more a retailer; but it merely provides that the persons who sell in quantities less than one gallon and a quart or more shall obtain a license in the same way as persons who sell in quantities less than one quart; and does not make one who sells in quantities less than one gallon and a quart or more a retailer. And we think the definition of retailer, as stated in the code, is not altered, and was not intended by the legislature to be changed by the act last referred to. We think the distinction between a retailer—one who sells in quantities less than one quart, and one who sells in quantities less than one gallon and a quart or more—is recognized by the title to the act; and we conclude, therefore, that the word "retail," as used in the general local option act, means the sale in quantities less than one quart.

If we are right in this, it must follow that the learned judge was wrong in his directions to the jury, as set out in

the 7th and 8th grounds of the motion for new trial. It is the sale by retail in bar-rooms which is prohibited—the sale of wines in quantities less than one quart in a bar-room, and not the drinking of the same in such bar-room The sale of wines in quantities less than one quart is a retailing by the person so selling, and such is the intention of this act. And we think, therefore, that where one sells in quantities not less than a quart and suffers others to drink the same upon the premises, he is not guilty of retailing, and is not guilty of a violation of this act. The fact that, after the seller has sold wine in quantities not less than a quart, the same is consumed by the buyer or purchaser upon the premises, does not constitute such seller a retailer, and such selling a retailing, within the meaning of the act. And if what we have said be true, it follows that the court committed error in the instructions complained of; and the judgment is reversed.