Dwelly *v.* Dwelly.

---

FRANCES W. DWELLY *versus* JAMES N. DWELLY.

Statutes in derogation of the common law cannot properly be extended by construction, so as to embrace cases not fairly within the scope of the language used.

The objection to the admissibility of the wife, in a proceeding in which she and her husband are parties, does not, at common law, rest solely upon her interest as a party, but is based upon reasons of public policy.

*It seems,* that this rule is so important, that the common law would not allow it to be violated, even by agreement of the parties.

Neither the statutes of 1855, c. 181, § 1, of 1856, c. 266, § 1, nor the provisions of the R. S. of 1857, c. 82, § 78, and five following sections, remove the disability at common law, of the husband or wife to give testimony in a libel for divorce, to which they are parties.

The legal relation of husband and wife is not changed by the filing of a libel for divorce, or any steps preliminary to the judgment.

In a libel for divorce, a motion to dismiss the exceptions, and render judgment on the verdict, because the libellee has failed to comply with an order of the Court, passed at *Nisi Prius*, after filing the exceptions, directing him to pay the libellant to aid her in prosecuting her exceptions, will not be entertained by this Court sitting in *banc.*

The proper course in such case seems to be to proceed against the libellee as for contempt, before the Judge at *Nisi Prius.*

On Exceptions from *Nisi Prius*, Goodenow, J., presiding.

This was a *libel for divorce.*

The libellant was offered as a witness in the case, and was objected to by the libellee, but was permitted, by the presiding Judge, to testify.

There was a motion filed by the libellant to dismiss the exceptions, because the libellee had not complied with the order of the Court, at *Nisi Prius*, to pay the libellant the sum of twenty-five dollars, to enable her to prosecute her exceptions.

*J. A. Lowell*, for the libellant, argued,—

That the language of the statute of 1857, c. 2, § 78, was sufficiently broad to embrace cases of divorce.

*Walker*, for libellee.

The opinion of the Court was drawn by

May, J.—The personal right which every one has to be a witness has been held to be subject to many limitations and restrictions, by the common law. The grounds upon which this right has been abridged or denied are various. Incompetency to testify, as declared in the judgment of the Courts, has arisen from numerous causes. At common law, this incompetency still exists, except in cases where it has been modified or annulled by the provisions of some statute. Among the causes creating such incompetency, we mention only such as are embraced in an interest, either in the event of the suit or in the record as party or otherwise; and in the relation that exists between the witness and the person for or against

whom he is called to testify; such, for example, as that of husband and wife. The question before us calls for the consideration of no other.

That parties to the record, as well as persons interested in it, or having a certain and direct interest in the result of the suit; and that husband and wife, when called upon to testify in cases affecting each other, except in certain rare instances which need not be stated, have almost uniformly been excluded from giving testimony in the Courts of this State, until the passage of the statutes of 1855 and 1856, which are embodied in the revision of the statutes in 1857, c. 82, § 78, and the five succeeding sections, is a proposition which cannot be denied. Such is the common law.

Our inquiry then is, have these statutes so changed the common law as to make the husband and wife competent witnesses in a proceeding between them by libel for divorce? The statute of 1855, c. 181, § 1, merely removed the incompetency arising " by reason of interest in the event of the action." The statute of 1856, c. 266, § 1, provided that "no person shall be excused or excluded from being a witness *in any civil suit or proceeding at law or in equity, by reason of his interest in the event of the same, as party or otherwise,*" except in certain cases mentioned in the subsequent sections of the same chapter. The provisions of the Revised Statutes of 1857, c. 82, § 78 and the five following sections, are so nearly identical with the statute of 1856, that it is unnecessary to recite them. None of these statutes, in terms, professes to remove any disability to give testimony, existing upon parties or persons, except such as is based upon " interest as a party or otherwise," in the suit or proceeding in which they may be called. This is made more evident by the fact that these same statutes provide that such interest may be shown, as affecting the question of credibility. These statutes, being in derogation of the common law, cannot properly be extended by construction, so as to embrace cases not fairly within the scope of the language used. The legislative intention limits the application of these statutes, most clearly, to such incom-

petency only as is created by an interest in the event of the
suit, as a party or otherwise.

In the case before us, the objection to the admissibility of
the wife does not rest solely upon her interest as a party to
the proceedings. *Its foundation is in the public good.* It
strikes deeper than mere questions of interest, *and is based
upon reasons of public policy.* The rule of the common law
is, that "husband and wife cannot be witnesses *for* each oth-
er, because their interests are identical, nor *against* each oth-
er, on grounds of public policy, for fear of creating distrust
and sowing dissensions between them and occasioning perju-
ry." 2 Starkie's Ev., (4th Amer. ed.,) part 4, p. 706. And
this rule is said to be so important that the law will not allow
it to be violated, even by agreement; and the wife cannot be
examined against the husband, although he consent. Greenl.
Ev. vol. 1, § 340, and cases there cited. Such is the law of
England, and it has been followed in this country. In this
State, however, the law has recently been so modified that,
"in the trial of civil actions, the husband and wife of either
party shall be deemed competent witnesses, when the wife is
called to testify by or with the consent of her husband, and
the husband, by and with the consent of his wife." Stat. of
1859, c. 102, § 1. · But this modification may properly be re-
garded as a legislative expression, (not, however, binding
upon the Courts,) that the previous statutes, which had been
passed by former Legislatures, and which are before cited,
were not intended to abrogate the rule of the common law,
that husband and wife shall not be witnesses *for or against*
each other; and, in our judgment, the statutes to which refer-
ence has been made, cannot be construed as having been in-
tended to remove that incompetency to testify, which has its
foundation in those principles of public policy which lie at the
basis, not only of social life, but of civil society.

If it be said that a libel for divorce is a proceeding of such a
character, as to show that the domestic relations, as between
the parties, have already been sundered; and that that mutual
confidence and peace in the conjugal and family relation, which

the law aims to promote for the public good, has been destroyed, so that reasons of public policy no longer require the parties to be excluded from testifying in such a case, the answer is, that no case can be found where such has been held to be the law.    The parties to a libel for divorce, have always been excluded as witnesses, prior to the statutes before cited; and the law will not now permit such a state of things to be presumed as will justify their admission.    The filing of a libel is but the act of one party; and its allegations, as to the relations subsisting between the husband and wife, (for they continue to be such until the prayer of the libel is granted,) must be proved before the Court can act upon them, for any purpose, but that of notice to the adverse party, in arriving at the judgment to be given.    The result is, that the exception to the admission of the libellant as a witness, is well taken, and a new trial must be granted.

*Exceptions sustained.*

Accompanying the argument of the libellant's counsel in this case, is found a motion to dismiss the exceptions and render judgment on the verdict, because the libellee has failed to comply with an order of the Court passed at the April term, A. D. 1859, after the filing of the exceptions, wherein he was directed to pay to the clerk, within sixty days, the sum of twenty-five dollars for the libellant.    It appears also, from the certificate of the clerk, dated Aug. 29, 1859, that the same has not been paid.    The allowance was made under the Revised Statutes, c. 60, § 5, and was undoubtedly intended to aid the libellant in prosecuting her exceptions.    We are not satisfied that this Court, sitting in *banc*, has any jurisdiction over the question when presented upon motion, as in the case before us.    The proper place of proceeding, in a case like this, seems to be before the Judge at *Nisi Prius*, where the party complaining of the neglect, may proceed against the libellee, as for contempt, in disregarding the decree of the Court, in which proceeding the libellee may appear, upon proper notice, and purge himself of the contempt, by showing his

pecuniary inability to comply with the order, or any other facts which may properly produce a like effect; or, perhaps, an execution might issue for the sum allowed. We are of opinion that we cannot, in this summary way, overrule the exceptions of the libellee, which are found to have been well taken.                                    *Motion denied.*

TENNEY, C. J., and APPLETON, CUTTING, DAVIS, and KENT, J. J., concurred.