# Charleston.

SAMUEL GILKESON *et al.*, *vs.* AGNES M. SMITH *et al.*

January Term, 1872.

S. and others, devisees of S.. deceased, and a creditor of the deceased, bring a bill to set aside the sales and conveyances of lands belonging to the estate of the decedent, by the executor (power for that purpose being invested in him by the will), on the following statement of facts: The decedent died in July, 1863 ; his will was admitted to probate and the executor qualified, in the county court of Bedford county, Virginia, in the same month. In the following September the land, lying in Greenbrier county, was sold to defendants by the executor and paid for in Confederate money and they entered into possession. Therefore the sales should be set aside, the probate of the will and the qualification of its executor, being in a rebel court, were illegal and void, and the payment to the executor being in Confederate treasury notes was also illegal and void.. On demurrer it is HELD :

  I. That if the legal title was in the devisees and heirs, as charged in the bill, and the defendants were in possession without any title. as also charged, the remedy was in a court of law, and the bill should have been dismissed as to the devisees of S., deceased, there being no frauds charged :

  II. But the creditor of S., deceased, might in the discretion of the court be allowed to proceed with the bill to enforce his debt.

Bill filed in the circuit court of Greenbrier county, December, 1869, by Agnes M. Smith and two others, heirs at law and devisees of William Smith, deceased, and D. C. B. Caldwell, a creditor of the decedent, against Samuel Gilkeson and others.

The substantial allegations of the bill were that, William Smith owned in his lifetime certain real estate in Greenbrier county ; that he made a will in June, 1863, and departed this life in July following; that one J. W. Jones was the executor named in the will, and the same was admitted to probate in Bedford county court, in July, 1863 ; that the court was illegal, holding its authority by virtue of the rebel government at Richmond, and therefore the probate and the authority conferred on the executor were illegal and void. That the

executor proceeded to sell, in September, 1863, the real estate in Greenbrier county, and the defendants became the purchasers thereof, and paid for the same in Confederate treasury notes, a void and illegal currency, and the defendants entered into possession. That plaintiff Caldwell, who sued for himself and other creditors, had obtained a judgment against the administration of William Smith (the sheriff of Greenbrier, to whom the estate had been committed) on the fourteenth of December, 1869; that there was no personal estate for the payment of debts, and no other fund but the real estate in controversy.

The bill prayed that the court declare the sales and conveyances by the executor illegal and void, and that the purchasers be required to account for the rents and profits, and that the lands be decreed to be sold for the benefit of the creditors and devisees.

Some of the defendants answered, alleging the validity of the purchases and conveyances, by reason of various acts of the legislature of the State of Virginia, after the war, and the necessities and circumstances of the times in which the transactions took place. They also demurred and denied the equity of the bill.

The court below declared the sales by the executor to be illegal and void and ordered a sale for the benefit of the creditors and devisees, at the January term, 1871.

The defendants appealed to this court.

*Price & Sperry* and *Dennis* for the appellants.
*Snyder* and *Mathews & Mathews* for the appellees.

MAXWELL, J. The defendants demurred to the bill, and answered also. The demurrers were overruled, and a decree rendered for the plaintiffs. The appellants insist here that the demurrers were improperly overruled for several reasons. In the first place it is insisted that the plaintiffs, who claim as devisees of William Smith, do not make a case to entitle them to relief in a court of equity; but that if they are entitled to any relief it is in a court of law.

The case of *Gaines and wife* vs. *Chew and others*, 2 Howard, 619, is relied on by the appellees to sustain the bill in this

case. The bill in the case of *Gaines* vs. *Chew* was to set up a will alleged to have been executed in 1813, in place of a former will made by the same party in 1811, and charged that Relf and Chew had fraudulently suppressed and destroyed the will of 1813, and had fraudulently set up and proved the will of 1811; that they fraudulently took possession of the real and personal estate of the deceased, and disposed of portions of the real estate to the defendants named, who had notice of the fraud committed by Relf and Chew in setting up and proving the will of 1811. The court thought that as a bill might have been filed against each of the defendants separately, there was no good reason why they might not all be included in the same bill.

But the bill in the case under consideration is different. It contains no charge of fraud against any of the purchasers of the lots of ground mentioned. If the legal title of the lots of ground is in the devisees of Smith, as charged in the bill, and the defendants are in possession of them without any title, as charged in the bill, the remedy is in a court of law. The demurrer ought therefore to have been sustained and the bill dismissed as to the claim of the devisees of Smith; but as to the plaintiff Caldwell, he might, in the discretion of the court, be allowed to proceed with the bill to enforce his debt against the estate of Smith; but additional parties may be necessary.

The decree complained of will have to be reversed, with costs to the appellants, against the devisees of Smith, who are plaintiffs; the demurrers sustained and the cause remanded, with leave to the plaintiff Caldwell to proceed with the suit, if he wishes to do so, for the purpose of enforcing his debt against the estate of the said William Smith, deceased.

The other judges concurred.

DECREE REVERSED.