# CHARLESTON.

KILGORE'S ADM'R *v.* HANLEY.

Submitted January 19, 1886 —Decided February 13, 1886.

In an action by the administrator of a deceased person the wife of the defendant is not a competent witness to give evidence against the plaintiff in regard to any transaction or communication had personally between the wife or her husband and such deceased person.   In such case and as to such transactions or communications the statute—sec. 22, ch. 160, Acts of 1882—does not change the common law rule of evidence.

*Simms & Enslow* for plaintiff in error.

*W. T. Thompson* for defendant in error.

SNYDER, JUDGE:

On October 16, 1880, L. M. Hanley and T. C. Turner executed their joint note to Thomas W. Kilgore for $400.00, payable one day after date. Subsequently $316.00 was paid on the note and credited thereon August .7, 1881. Kilgore and Turner having died, the administrators of the former, on November 19, 1883, brought this action of debt in the circuit court of Cabell county against said Hanley upon said note. The defendant demurred to the declaration and pleaded *nil debit* and payment and filed an account of sets-off; issue having been joined on the pleas, the case was tried by jury and a verdict found for the plaintiff for $124.95. The defendant moved the court to set aside the verdict, which motion being overruled, the defendant excepted and the court on December 9, 1884, rendered judgment for the plaintiff. The defendant obtained the writ of error to this Court.

The record does not show any action of the court on the demurrer to the declaration; but as a judgment for the plaintiff is equivalent to a positive overruling of the demurrer we must treat it as having been overruled. *Hood* v. *Maxwell*, 1 W. Va. 219.

It is objected that the declaration is in the *debet* and the *detinet* when it should be in the latter only. This is such a mere matter of form that it was disregarded on demurrer at common law. It is now under our statute no ground of demurrer. Sec. 9, ch. 125, Code.

The only other objection made to the declaration is, that while it states that the defendant did not, nor did the said Turner whilst in life, pay the said debt, it is claimed to be demurrable because it does not also state, " nor did either of them pay." This object is too untenable for discussion. I think the declaration, while not entirely formal, is plainly sufficient.

The account of sets-off filed by the defendant is made up of items for interest paid, cash loaned, and bacon, hay and wheat furnished to the plaintiff by the defendant amounting in the aggregate to $89.25. During the trial the defendant offered his wife as a witness, and after she was sworn his counsel asked her the following question: " Take the account here handed you, which is the sets-off filed by the de-

fendant, and state if you ever delivered to Thomas W. Kilgore in his lifetime for the defendant and of his goods, any of the items mentioned in this account so shown you ? If so, when, what quantity and at what price ?"

The counsel for the plaintiffs objected to the question because it called for transactions had with a deceased person and the witness was at the time and still is the wife of the defendant and incompetent to testify in his behalf. The court sustained the objection and the defendant excepted.

It is now claimed by the plaintiff in error, that under sec. 22 of ch. 130 of the Code, as amended by ch. 160, of Acts 1882, his wife was made a competent witness for him, and that therefore the court erred in refusing to permit her to answer said question.

According to the common law all contracts made directly between husband and wife are void, on the ground that by that law the husband and wife are regarded as one person, and that the coverture takes from the wife the freedom of will essential in every contract. Kelly on Mar. Women 131; 2 Kent Com. 129.

Likewise, by the common law, the husband and wife were not only regarded as one person, but the interest of the husband is treated as the interest of the wife; therefore, under the rules of that law, which deny any one the right to be a witness for himself, the courts uniformly held that the husband and wife, whose interests are thus united, are incompetent to give evidence in behalf of each other, or any other person whose interests are the same; and for reasons of public policy it also prevents them from giving evidence against each other. *Baring* v. *Reeder*, 1 H. & M. 154, 169; *Dwelly* v. *Dwelly*, 46 Me. 377; 1 Whart. L. Ev., sec. 422.

"The rule by which parties are excluded from being witnesses for themselves applies to the case of *husband and wife ;* neither of them being admissible as a witness in a cause, civil or criminal, in which the other is a party. This exclusion *is founded partly on the identity of their legal rights and interests,* and partly on principles of public policy, which lie at the basis of civil society." 1 Greenl. Ev., sec. 334.

In *Robin* v. *King*, 2 Leigh 141, Carr, judge, in delivering the opinion of the court, says : "It is well settled, that hus-

band and wife can not be witnesses *for* each other, because *their interests are identical,* nor *against* each other on grounds of public policy."

It thus appears that the incompetency of the wife to testify in behalf or against her husband does not rest upon public policy alone, but also upon the identity of her interest with that of her husband. Or to state the common law rule more accurately, the principal, if not the only, ground upon which the husband and wife are excluded from testifying *for* each other, is the community and identity of their interests. While the husband is, in law, the owner of the common property, still the wife has a beneficial interest in such property equal to that of the husband. The beneficial interest resides in each and both of them. On the other hand, the principal, and perhaps the sole ground, for excluding the husband and wife from being witnesses *against* each other is, that it is contrary to the principles of public policy. "For it is essential to the happiness of social life, that the confidence subsisting between husband and wife should be sacredly protected and cherished in its most unlimited extent; and to break down or impair the great principles which protect the sanctities of that relation would be to destroy the best solace of human existence." 1 Greenl. Ev., secs. 334, 254; *Stein* v. *Bowman,* 13 Pet. 223.

It was repeatedly decided by this Court that secs. 22 and 23 of the Code, as they existed before the amendment of 1882, made no material change in the common law on the subject of husband and wife giving evidence for or against each other, except in an action or suit between husband and wife. *Hill* v. *Proctor,* 10 W. Va. 60; *Rose* v. *Brown,* 11 W. Va. 122; *Janney* v. *Campbell,* 14 W. Va. 123; *Anderson* v. *Snyder,* 21 W. Va. 633.

Since these decisions, the statute has been amended—see. 22, ch. 160, Acts, of 1882—so as to make, in express terms, the husband or wife of any party to a civil action or suit "competent to give evidence the same *as any other witness* on behalf of any party to such action, suit or proceeding, except that no husband or wife shall disclose any confidential communication made by one to the other during their marriage."

By the next succeeding, the 23d, section of said amendment, it is declared that "no person offered as a witness in any civil action, suit or proceeding shall be excluded *by reason of his interest* in the event thereof, or because he is a party thereto, except as follows : No party to any action, suit or proceeding, *nor any person interested in the event thereof*  *  *  * shall be examined as a witness in regard to any personal transaction or communication between such witness and a person at the time of such examination deceased, insane or lunatic, against the executor, administrator  *  * of such deceased person."

The 23d section removes the incompetency of parties or persons *on account of interest* in the event of the action or suit, except as to personal transactions or communications had with a deceased person, &c. It leaves the competency of the witness as to cases mentioned in the exception just as it was at the common law. In such cases a party or person interested in the event of the action or suit is incompetent to testify against the representative of a deceased person as to personal transactions.

The 22d section declares that a husband or wife " shall be competent to give evidence *the same as any other witness*,'" &c., except they shall not disclose confidential conversations. Both of these are enabling statutes in derrogation of the common law, and therefore they are to be construed strictly. Their operation can not be enlarged or extended by implication. Giving them a fair and reasonable construction, it is plain that the legislative intent was, by the 23d section, to remove the disqualification of interest as to all witnesses, except as to personal transactions had with deceased persons, and as to these the common law rule was left in full force. *Owens* v. *Owens*, 14 W.Va. 88; *Gilmer* v. *Baker*, 24 W. Va.72-84. And by the 22d section it was intended to make the competency of the husband and wife the same as other persons in all respects, except as to confidential communications. That is, they are made competent to testify for or against any party in an action or suit the same as other persons. But they can not testify to matters as to which other witnesses similarly situated would be incompetent.

We have seen that by the exception in section 23 other

witnesses, who are interested in the event of the action, can not testify in regard to personal transactions had between the witness and a deceased person against the administrator of such deceased person. We have also seen that the interest of husband and wife are identical, and that where the one is disqualified by reason of interest in the action or suit the other is, for the same reason, disqualified. If the husband is competent to give evidence as to any matter, the wife is also competent to give evidence as to the same matter. *Baring* v. *Reeder*, 1 H. & M. 154. And where the husband is incompetent on account of interest, the wife is likewise incompetent. *Robin* v. *King*, 2 Leigh 140; *City of Wheeling* v. *Trowbridge*, 5 W. Va. 130.

In the case at bar it is plain that any relevant answer to the question propounded to the wife of the defendant would necessarily have been in regard to transactions or communications had personally between the witness and the plaintiff's intestate, and it was, therefore, properly excluded. *Owens* v. *Owens*, 14 W. Va. 88. The judgment of the circuit court is therefore affirmed.

AFFIRMED.