[Civ. No. 2951. First Appellate District, Division One.—August 28, 1919.]

## T. W. DUPES, Respondent, v. EUGENIA N. DUPES, Appellant.

[1] DIVORCE—VIOLATION OF COURT ORDER BY WIFE — DISMISSAL OF APPEAL.—An appeal by the wife from a judgment granting the husband a divorce and awarding him the custody of the minor children will not be dismissed because of the violation by the wife of the terms of an order of the trial court regarding the custody of such children.

[2] ID.—FINDINGS — EVIDENCE — CORROBORATION.—In this action for divorce, the findings of the trial court were responsive to the pleadings and were sufficiently supported by substantial evidence and, where necessary, were corroborated as required by section 130 of the Civil Code, and the trial judge was fully warranted in his view of the merits of the case.

[3] ID.—EXTREME CRUELTY — WHAT CONSTITUTES — CONCLUSION OF TRIAL COURT—APPEAL.—The question whether acts and conduct constitute such cruelty as, under all the circumstances shown, warrants the granting of a divorce, is of such a nature that the conclusion of the trial court is necessarily entitled to great weight, and it is only where it is clear that it is without any substantial support in the evidence that it will be disturbed on appeal.

[4] ID.—ABSENCE OF ONE SPOUSE WITHOUT KNOWLEDGE OR CONSENT OF OTHER.—Whether or not any specific absence of one spouse

---

3. Cruelty without violence as ground for divorce, note, 65 Am. St. Rep. 75.

Habits or course of conduct of spouse as cruelty warranting divorce, note, Ann. Cas. 1918B, 480, 500.

from the family home without the knowledge or consent of the other constitutes extreme cruelty, depends entirely upon the facts and circumstances of each particular case.

[5] ID.—EXTREME CRUELTY IS QUESTION OF FACT.—Whether or not any particular acts or course of conduct constitutes extreme cruelty within the meaning of the law is a question of fact to be deduced from all the circumstances of each case.

APPEAL from a judgment of the Superior Court of Kern County. J. W. Mahon, Judge. Affirmed.

The facts are stated in the opinion of the court.

MacKnight & Fitzgerrell and P. N. Myers for Appellant.

E. J. Emmons, Chas. N. Sears and T. C. Gould for Respondent.

BARDIN, J., *pro. tem.*—The plaintiff instituted an action against the defendant for divorce upon the ground of extreme cruelty. The defendant denied the allegations of cruelty and cross-complained against plaintiff, seeking a decree of divorce upon the grounds of extreme cruelty, habitual intemperance, and willful neglect. Judgment was for the plaintiff and he was awarded the custody of the two minor children of the parties.

Two proceedings have already been disposed of by the higher courts of the state involving the custody of these children. (*In re Dupes,* 31 Cal. App. 698, [161 Pac. 276]; *Dupes* v. *Superior Court,* 176 Cal. 440, [168 Pac. 888].)

Before taking up the consideration of this appeal from the judgment of the lower court upon its merits, it will first be proper to dispose of a motion to dismiss the present appeal because of the claim of respondent that appellant has so interfered with the custody of said children, since taking the appeal, that she has placed herself in contempt of the order of the superior court of the county of Kern, sitting as a juvenile court, and ought not therefore be permitted to press her appeal to a conclusion upon its merits.

[1] A number of reasons are urged for the dismissal of the appeal, but the only one meriting the particular attention of this court relates to alleged willful and contumacious conduct on the part of the appellant with reference to the custody of the children of the parties to this action.

Briefly, the facts, stated in form of affidavit, surrounding such alleged misconduct of the appellant, which, since they are not denied, may, for the purpose of this discussion, be assumed to be true, are these: Very shortly after the decision in *Re Dupes, supra,* the juvenile court of Kern County, by its order, caused these unfortunate children to be placed in the custody of the Children's Shelter of the city of Bakersfield, C. P. Badger, truant officer of that county, having direct charge of them, pending the hearing of a petition placed before it to have them declared wards of that court. Leave was given the appellant by the judge of the juvenile court to visit the children on January 17, 1918, but, in violation of the terms of that permission and in contempt of the order of said juvenile court, the appellant took possession of said children and shortly thereafter removed them, it is believed, from the jurisdiction of the state of California, as the whereabouts of defendant and of the two children has ever since been unknown to plaintiff and to said court, although plaintiff has expended a large amount of money and has been very diligent in endeavoring to ascertain their whereabouts.

The point made for the dismissal of the appeal is not different in principle from that urged for the dismissal of three appeals in the case of *Vosburg* v. *Vosburg,* 131 Cal. 628, [63 Pac. 1009], and on the authority of that case the motion to dismiss the appeal must be denied.

Not only are we guided to this end by the sound logic of that particular case, but also by the analogous case of *Johnson* v. *Superior Court,* 63 Cal. 578. And we may here add that consideration for the welfare of the minors and of their probable ultimate disposition, as well also the interest the state has in the maintenance of the marital state, require that appeals involving the merits of such actions should not be dismissed except upon clear authority so to do.

In *Deyoe* v. *Superior Court,* 140 Cal. 476, [98 Am. St. Rep. 73, 74 Pac. 28], Mr. Justice Angellotti, speaking for the court, said: "While an action to obtain a decree dissolving the relation of husband and wife is nominally an action between two parties, the state, because of its interest in maintaining the same, unless good cause for its dissolution exists, is an interested party. It has been said by

eminent writers upon the subject that such an action is really a triangular proceeding in which the husband and the wife and the state are parties."

And in *McBlain* v. *McBlain*, 77 Cal. 507, [20 Pac. 61], it is stated that: "The parties to the action are not the only people interested in the result thereof. The public has an interest in the result of every suit for divorce; the policy and the letter of the law concur in guarding against collusion and fraud; and it should be the aim of the court to afford the fullest possible hearing in such matters."

The cases cited in support of the motion to dismiss the appeal are from other jurisdictions, and are directed to the contumacious conduct of the husband relative to the payment of money for the prosecution of the wife's cause of action, or for alimony, or such kindred matters. As stated in the note to the case of *Brown* v. *Brown*, 22 Wyo. 316, [140 Pac. 829], in 51 L. R. A. (N. S.) 1119: "Some of the courts lay down the rule that the proper remedy for failure to comply with an order of the trial court for the payment of counsel fees, etc., is by dismissal of the appeal or suspension of final judgment." (Citing cases.)

But other courts have adopted rules analogous to and in support of the principle stated in *Vosburg* v. *Vosburg*, *supra*. (*Eastes* v. *Eastes*, 79 Ind. 363; *Dwelly* v. *Dwelly*, 46 Me. 377.)

Numerous charges of misconduct on the part of the wife are made in plaintiff's complaint, but the principal allegations thereof relate to defendant's departure from the home of plaintiff and defendant with one of their children of very tender years, under peculiar and unwarranted circumstances, the plaintiff not being advised as to her whereabouts or that of the child until her return to Bakersfield after an absence of over four months; and that shortly after her return she suffered a miscarriage by reason of her own willful act, being actuated by the desire to conceal from plaintiff her sinful and adulterous conduct while away from him. The plaintiff also alleged in his complaint that the defendant permitted plaintiff's mother-in-law to exercise an immoral influence and control over her, subverting her morals, undermining her character, and causing her to pursue a course of apparent illicit intimacy with other men.

[2] It will serve no useful purpose to go into a detailed survey of the evidence produced to substantiate the husband's charges, and which the trial court by its findings found to be true, only a portion of which are here referred to. Suffice it to say, in a general way, that the findings are responsive to the pleadings and are sufficiently supported by substantial evidence and, where necessary, corroborated as required by section 130 of the Civil Code, and that the trial judge was fully warranted in his view of the merits of the case, so far as we can discover from the cold pages of the transcript.

The plaintiff's charge, found to be true, that the wife had suffered a miscarriage by reason of a self-inflicted abortion, giving birth to a fetus of such growth as to preclude the belief that conception had taken place by reason of the accessibility of the plaintiff, was sufficiently corroborated. The probable age of the evacuated fetus was testified to by the surgeon called in to administer to defendant. The husband's testimony of the admission on the part of the wife as to the instrument which she had used was corroborated by the discovery by a third party of such instrument in defendant's home, which, by the testimony of another physician, was proven to be well suited to the operation complained of.

[3] The following language from the learned author of the opinion in the case of *Robinson* v. *Robinson*, 159 Cal. 203, [113 Pac. 155], is relevant to the present case: "The trial court was the exclusive judge of all questions of credibility of witnesses and weight of evidence, and must be assumed to have considered all the evidence given in the light of such rules as are laid down by the law for the guidance of court and jury in the determination of questions of fact. It should further be borne in mind that the question whether acts and conduct constitute such cruelty as, under all the circumstances shown, warrants the granting of a divorce, is of such a nature that the conclusion of the trial court is necessarily entitled to great weight, and it is only where it is clear that it is without any substantial support in the evidence that it will be disturbed on appeal."

The defendant has assigned a number of errors claimed to have been committed by the trial court in the admission

and exclusion of evidence, and which, it is contended, warrants a reversal of the judgment.

The reporter's transcript of the testimony in this case embraces 852 pages of typewritten matter. No attempt was made to print in the briefs of the appellant any portion of the testimony relative to or having even the most remote bearing upon the alleged errors of the court with reference to rulings upon matters of evidence, as required by section 953c of the Code of Civil Procedure. While this court does not feel under any compulsion to examine the very voluminous record with reference to these alleged errors referred to in the briefs of appellant, it has, nevertheless, done so under the feeling that the welfare of two children is vitally concerned, and that this is an action in which the state is also an interested party, and that to require counsel now to file a supplement to appellant's brief would be to entail further delay.

After a careful examination of each of such asserted grounds of error we cannot find error of any substantial weight. We are inclined to believe that there was too wide a departure from the issues of the case permitted in the examination of witnesses relative to the character and conduct of the mother-in-law of plaintiff, but such error being upon a collateral matter is of no grave importance.

The court did not commit error in admitting evidence in support of the allegation concerning defendant's departure from the family home. *Smith* v. *Smith,* 62 Cal. 466, does not purport to establish a rule of evidence, nor attempt to state a positive rule of law to be applied to other like cases where the conditions are not identical. **[4]** Whether or not any specific absence of one spouse from the family home, without the knowledge or consent of the other, constitutes extreme cruelty, depends entirely upon facts and circumstances of each particular case.

In the instant case, however, the mere absence of the defendant from the family home without plaintiff's consent is not made the basis of his cause of action. That is but a single element in the theory of plaintiff's case.

**[5]** Whether or not any particular acts or course of conduct constitutes extreme cruelty within the meaning of the law is a question of fact to be deduced from all the circum-

stances of each case. (*Barnes* v. *Barnes,* 95 Cal. 171, [16 L. R. A. 660, 30 Pac. 298].)

Certain of the findings of the court, beside that already stated, are made the object of attack as not having the proper support in the evidence. Commenting briefly upon these criticisms we may say that an examination of the record of the case shows such attacks to be without merit. There was sufficient evidence to show that the defendant left her home against the will and over the protest of the plaintiff; that the defendant's mother was an inmate of the home of plaintiff and defendant and was permitted to exercise an evil influence over her daughter; that in the absence of plaintiff, the defendant was in the habit of inviting men who were strangers to plaintiff to the home of plaintiff and defendant; that defendant was in the habit of frequenting dances and associating with persons unknown to plaintiff; and that defendant suffered the miscarriage already referred to in order to conceal from plaintiff her condition of pregnancy for which plaintiff was not responsible. These findings are sustained by the testimony of either the husband with proper corroboration or by the testimony of other witnesses.

The claim of counsel for defendant that the findings against the truth of certain of the allegations contained in her cross-complaint are not sustained by the evidence may be dismissed with the remark that, since the trial court was the judge of the credibility of the witnesses below, who gave conflicting testimony upon the subject of defendant's allegations, this court cannot now weigh the evidence in order to see where the preponderance of proof lay.

The judgment is affirmed.

Richards, J., and Waste, P. J., concurred.