[Civ. No. 3330. First Appellate District, Division One.—April 20, 1920.]

## DANIEL F. McCAHAN, Respondent, v. LILLIAN McCAHAN, Appellant.

[1] DIVORCE—EXTREME CRUELTY—PLEADING.—The plaintiff is not required to adopt the exact language of section 94 of the Civil Code in pleading a cause of action for divorce on the ground of extreme cruelty, but it is sufficient if, by appropriate averments, the proper qualification appears.

[2] ID.—ABSENCE OF ALLEGATION OF WRONGFUL CONDUCT—SPECIAL DEMURRER.—Where in an action for divorce on the ground of extreme cruelty the course of conduct of the defendant is set forth in detail and it is alleged "all of which caused plaintiff great shame and humiliation, and inflicted upon him grievous mental suffering," but it is claimed that the complaint is insufficient by

reason of the failure to state that the grievous mental suffering was "wrongfully" inflicted, such alleged defect can be reached by special demurrer, and if not so attacked, it must be held to be sufficient.

[3] Id.—Grievous Mental Suffering—Question of Fact—Appeal.— Whether in any case the course of conduct complained of constitutes "grievous mental suffering" is a question of fact, the determination of which in the first instance is committed to the judge who tries the action, and his finding that particular acts constitute grievous mental suffering will not be disturbed unless the evidence in support of the finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion.

[4] Id.—Separation Agreement—Undue Influence—Finding—Evidence.—In this action for divorce on the ground of extreme cruelty, in which the defendant sought at the trial to avoid the legal effect of a separation agreement, entered into between herself and plaintiff, upon the ground that it was procured by undue influence, the evidence failed to disclose that the defendant was in any way coerced or induced by any means against her will to enter into the agreement.

[5] Id.—Agreement Facilitating Marriage Dissolution — Validity of.—An agreement entered into between a husband and wife with the object of dissolving the marriage contract, or facilitating that result, is void.

[6] Id.—Void Provision for Attorney Fee—Valid Provisions not Affected.—Although that portion of a separation agreement providing for the payment of an attorney fee to the wife, in the event that either of the parties should ever institute a divorce action against the other, is void, such provision will not invalidate the other provisions of the agreement, which are disconnected and separable therefrom and are otherwise valid.

[7] Id.—Separation Agreement—Consideration of by Trial Court —Construction of Decree.—The trial court, having jurisdiction of the divorce action, has jurisdiction to consider the separation agreement entered into between the parties, and to affirm it, or to disregard it if it is found to be void; and if the court in its decree makes no division of the property of the parties, or provision for the support of the wife, but does recognize and expressly reserve to her the power to assert such rights and benefits as might accrue to her under the previously executed separation agreement, such action on its part will be construed to be a ratification of the agreement to that extent.

---

4. Validity of contract intended to facilitate procuring of divorce, notes, 11 **Ann. Cas.** 377; **Ann. Cas.** 1915A, 811; **Ann. Cas.** 1918E, 902.

[8] ID.—VALIDITY OF AGREEMENT—REFUSAL TO SET ASIDE.—The trial court, having found that the separation agreement was fairly made, and not obtained by coercion, intimidation, or undue influence, was correct in refusing to vacate and set it aside.

APPEAL from a judgment of the Superior Court of Humboldt County. George D. Murray, Judge. Affirmed.

The facts are stated in the opinion of the court.

J. J. Cairns and Henry L. Ford for Appellant.

Pierce H. Ryan for Respondent.

WASTE, P. J.—Defendant appeals from the judgment granting her husband, the plaintiff, a decree of divorce. She also appeals from the order of the court denying her motion for a new trial. The latter appeal was unauthorized and is dismissed. (Code Civ. Proc., sec. 963.)

Were it not for the nature of the action and the situation of the appellant, we would feel justified in dismissing this appeal, or striking the opening brief from the files. It is typewritten, not indexed, only four copies were filed, and no attempt seems to have been made in its preparation to conform to the requirements of rule VIII of this court, [177 Cal. 1, 176 Pac. ix]. Instead of calling the attention of the court to certain parts of the record, as provided in section 953c of the Code of Civil Procedure, the brief appears to contain merely those portions of the voluminous testimony considered, by the appellant, to be favorable to her contentions, without any reference to the transcript, and with but little comment as to the nature and effect of the evidence.

The failure and neglect of appellant in these particulars has not only obstructed our examination of the record, but has rendered it well-nigh impossible for us to use the brief for that purpose. In justification of her failure to print her brief, appellant makes it appear that she is penniless, depending for the greater part of her livelihood upon the charity of relatives; that on motion, and after taking evidence, the superior court made its order directing the respondent to pay to appellant sufficient money to enable her to print her brief; that from this order respondent appealed,

and that appeal is now pending in this court; that the respondent gave a bond staying the execution of the order, thus completely denying appellant the means wherewith to comply with the rule of the court relative to printing her brief. This statement is borne out by the record, and for this reason we have refrained from dismissing the appeal, or striking the brief from the files. There is not, however, sufficient justification for the manner in which the appellant's appeal is presented in the brief. Notwithstanding the labor involved, we have made a complete examination of the record, in considering the points made by the appellant, in seeking a reversal of the judgment and decree.

Defendant denied all the allegations of the complaint, filed a cross-complaint seeking a division of the community property and permanent alimony, and praying that a certain agreement whereby the parties agreed to live separate and apart from each other, providing for .disposition of their property, and fixing an attorney fee in the event that an action of divorce should ever be instituted by either of the parties, be declared null and void. The case was tried with a jury which decided in favor of plaintiff, and against the defendant on all the special issues submitted to it. These answers were adopted by the court, which made additional findings of its own. The judgment and decree in favor of plaintiff followed, from which defendant appeals.

Appellant first attacks the sufficiency of the complaint. The plaintiff charged that the defendant secretly accepted the attentions of a man other than her husband, entertaining him in her home both in the daytime and in the night-time, always in the. absence of her husband; that she accompanied this man, without the knowledge and consent of her husband, to picnics and dances and associated with him in the privacy of her own home, and in public places, to such an extent that her relations with said man became a matter of common gossip and scandal in the place where the parties resided, all of which became known to plaintiff; that she secreted stolen property in the house of plaintiff and applied vile, insulting names and epithets to him; that she endeavored to strike him with an iron; that she impugned the chastity of his female friends; that she laid down in the public streets, screeching and screaming at the top of her voice; that she frequently threw herself on the

floor, remaining there screaming for hours at a time; that she repeatedly threatened to kill and murder her husband; that she frequently threatened suicide and said she would cut her throat; that she endeavored to get hold of weapons for that purpose; that she quarreled with her husband until late hours of the night; that she attempted to tear out her own hair, and to bite plaintiff's hands; that she did all these things and many others without cause, or provocation, "all of which caused plaintiff great shame and humiliation, and inflicted upon him grievous mental suffering."

Appellant's contention is that by reason of the failure to state that the grievous mental suffering was "wrongfully" inflicted, the complaint is insufficient to state a cause of action for extreme cruelty, under section 94 of the Civil Code. As was said in *Nelson* v. *Nelson*, 18 Cal. App. 602, 605, [123 Pac. 1099], "If this does not present a case of 'the wrongful infliction of . . . grievous mental suffering' we have totally misconceived the language employed." **[1]** Furthermore, we do not understand that the pleader is required to adopt the exact language of the statute in pleading the cause of action, under the section mentioned. It is sufficient if, by appropriate averments, the proper qualification appears. As was said in the case last noted, the only rational inference from the allegation of the complaint is that the "infliction" was "wrongful." **[2]** Furthermore, if there was any defect in the complaint it was one which could have been reached by special demurrer, and not having been so attacked, it must be held to be sufficient. (*Mayr* v. *Mayr,* 161 Cal. 134, 136, [118 Pac. 546].)

**[3]** Appellant contends that the acts charged in the complaint, before summarized by us, even if true, did not constitute cruelty. She places her reliance upon the decision of *Waldron* v. *Waldron,* 85 Cal. 251, 257, [9 L. R. A. 487, 24 Pac. 649], wherein it was decided by a divided court that grievous mental suffering is not the equivalent of extreme cruelty, in a legal sense. The rule there laid down was criticised and overruled in *Barnes* v. *Barnes,* 95 Cal. 171, 175, [16 L. R. A. 660, 30 Pac. 298]. The more rational rule laid down in that case has been universally and consistently followed in this state ever since. (*Fleming* v. *Fleming,* 95 Cal. 430, 434, [29 Am. St. Rep. 124, 30 Pac. 566]; *Andrews* v. *Andrews,* 120 Cal. 184, 187, [52 Pac. 298]; *Smith* v. *Smith,*

124 Cal. 651, 652, [57 Pac. 573]; *Maloof* v. *Maloof*, 175 Cal. 571, 573, [166 Pac. 330].)

We deem it unnecessary to here review the voluminous record of the evidence of some thirty witnesses who testified for the opposing sides. No good can be effected by doing so, for the most that the appellant can urge in support of her contention that the findings and judgment are not sustained by the evidence is a conflict of testimony, arising for the most part in the respective stories told by the plaintiff and the defendant. Whether in any case the course of conduct complained of constitutes "grievous mental suffering" is a question of fact. "The judge who tries the action, and has the parties before him for observation in the light of the evidence, is the one to whom the law commits the determination of this question in the first instance, and as was said in *Andrews* v. *Andrews*, 120 Cal. 187, [52 Pac. 298], this court will not disturb a finding that particular acts constitute grievous mental suffering unless 'the evidence in support of the finding is so slight as to indicate a want of ordinary good judgment and an abuse of discretion by the trial court.'" (*Avery* v. *Avery*, 148 Cal. 239, 244, [82 Pac. 967]; *MacDonald* v. *MacDonald*, 155 Cal. 665, 670, [25 L. R. A. (N. S.) 45, 102 Pac. 927]; *Dupes* v. *Dupes*, 43 Cal. App. 67, [184 Pac. 425].) We are fully satisfied that the conclusions of the trial court as to the weight and sufficiency of the evidence to support the allegations of the complaint, and the decree of divorce entered thereon, are correct.

[4] Appellant sought at the trial to avoid the legal effect of the separation agreement, entered into between herself and husband, upon the ground that it was procured by undue influence. By this contract the parties agreed to live separate and apart, divided their property, provided for the custody and education of the minor child of the parties, stipulated an amount to be paid monthly for the support and maintenance of the defendant and child, and relinquished to each other all obligations growing out of their marital relations, except as in the contract provided, including the right to inherit one from the other. The agreement also provided for an attorney fee of one hundred dollars "in the event that any action for divorce shall ever be instituted between the parties." This stipulation of the contract imposed no obligation on the wife to sue for a divorce; and the making

of the contract was followed by the actual separation of the parties during which the plaintiff paid the defendant the sum of $22.50 a month as therein provided for the support of herself and child. The agreement awarded what little community property the parties had to the defendant. The plaintiff, a laborer, has no separate property other than an interest in certain land, which is subject to the life estate of his mother, and which was found by the court to be worth ten thousand dollars.

From the evidence it appears, and the court so found, that prior to the execution of the agreement the plaintiff and defendant had discussed between themselves the subject of the contract which it was proposed by them to enter into, and agreed upon practically all of its terms. On the date of its execution the plaintiff and the defendant went together to the office of the attorney whom the plaintiff had selected and stated to him, both parties being present, the terms which they had agreed upon. In the afternoon of the same day they returned to the office of the attorney, who in the meantime had drafted the agreement. He read it aloud to the parties, explaining the various provisions and terms and stating their meaning to them. Before the document was signed, the defendant was instructed, and advised, by the attorney, that she had the right to consult her own attorney, or adviser, but she declined to do so. Prior to signing the agreement, however, she telephoned to a reputable and competent attorney of Eureka, who later appeared for her and represented her in this action. During the conversation with him she stated she did not desire his aid or advice in the matter of the agreement. The evidence fails to disclose that the defendant was in any way coerced or induced by any means against her will to enter into the contract.

[5]     There is no evidence that the agreement was entered into between the parties with the object of dissolving the marriage contract, or facilitating that result. Such contracts are void. (*Newman* v. *Freitas,* 129 Cal. 283, 289, [50 L. R. A. 548, 61 Pac. 907].) Under our code either husband or wife may enter into any engagement or transaction with the other, or with any other person, respecting property, which either might if unmarried. (Civ. Code, sec. 158.) They may also agree, in writing, to immediate separation, and may make provision for the support of either of them, and of their

children during such separation. (Civ. Code, sec. 159.) The agreement in question was apparently drawn pursuant to the authority thus given, and was one which the parties had the right to enter into. (*Pereira* v. *Pereira,* 156 Cal. 1, 4, [134 Am. St. Rep. 107, 23 L. R. A. (N. S.) 880, 103 Pac. 488]; *Walker* v. *Walker,* 14 Cal. App. 487, 493, [112 Pac. 479].) [6] Although that portion of the agreement, providing for the payment of an attorney fee to the wife, in the event that either of the parties should ever institute a divorce action against the other, is void (*McCahan* v. *McCahan, ante,* p. 173, [190 Pac. 458]), it relates to a different subject, and is entirely distinct, disconnected, and separable from, and does not invalidate, the valid provisions of the contract. (*Estate of Sloan,* 179 Cal. 393–397, [177 Pac. 150]; *Mack* v. *Jastro,* 126 Cal. 130, 134, [58 Pac. 372]; *Beard* v. *Beard,* 65 Cal. 354, 356, [4 Pac. 229].)

[7] The trial court having jurisdiction of the divorce action, had unlimited authority to make disposition of the community property of the parties. (Civ. Code, secs. 146, 147.) Whenever, therefore, it was made to appear that a division of the property had been made in accordance with the terms of the separation agreement, the court necessarily had jurisdiction to consider the instrument, and to affirm it, or to disregard it if it was found to be void. " 'Such pretended agreements, if they are to have any force, must be subjected to the *examination of the divorce court,* and derive their sanction from *a decree made by the court* with a knowledge of the facts.' " (*Loveren* v. *Loveren,* 106 Cal. 509, 513, [39 Pac. 801].) The court, in the instant case, in its decree made no division of the property of the parties, or provision for the support of the defendant, but did recognize and expressly reserve to her the power to assert such rights and benefits as might accrue to her under the previously executed articles of separation. This action on its part we construe to be a ratification of the agreement to that extent.

[8] Measured by the standard of the code provisions, and construed in the light of the circumstances surrounding its execution and subsequent performance, it is manifest that in so far as it deals with the property rights of the parties, the contract is a valid agreement with which the court could not interfere, unless, from the evidence, it was authorized to find that it was procured in violation of the general rules

which control the actions of persons occupying confidential relations with each other. It did not so find. Being fairly made, and not being obtained by coercion, intimidation, or undue influence, the trial court was correct in refusing to vacate and set it aside. (*Murray* v. *Murray*, 28 Cal. App. 533, 535, [153 Pac. 248].)

The judgment is affirmed.

Richards, J., and Knight, J., *pro tem.*, concurred.