[Civ. No. 6810. First Appellate District, Division Two.—September 17, 1929.]

JOSEPH CRUDO, Respondent, v. ALICE CRUDO, Appellant.

Gerald C. Halsey and Frederic T. Leo for Appellant.

J. J. Dunne and M. H. Farrar for Respondent.

BURROUGHS, J., *pro tem.*—This is an appeal by defendant from an interlocutory decree of divorce in favor of the plaintiff. The appeal is upon the judgment-roll alone.

It is claimed on behalf of appellant that the court erred in not ordering a division of the community property. The court found as a fact that there was no community property. The only evidence of such property is an agreement of settlement of the property rights of the parties to this action made and executed by them on April 17, 1922, wherein it is recited ''That whereas an immediate separation has become necessary between the parties hereto, man and wife; now, therefore, in order to finally adjust and settle all property disputes and mutual rights and maintenance and support, the parties hereto do hereby covenant and agree one with the other''; further provisions of the agreement conveyed to the defendant herein certain parcels of real property and specific articles of personal property, including some cash ''to be taken and received by her as her own separate property.'' There is a further provision of the agreement by the terms of which real and personal property is conveyed to the plaintiff ''to be taken and received by him as his separate property.'' The agreement was filed and acknowledged by the parties so as to entitle it to record, and on April 21, 1922, it was recorded

at the request of the appellant. ■ The court finds that said agreement has never been vacated, annulled or set aside and the same is now in full force and effect. The evidence not being before this court, it must be presumed that the findings are supported by the evidence.

■ Appellant contends, however, that the agreement is void as against public policy, in that it contains a clause releasing the parties "from all claims and demands whatsoever for support, maintenance, alimony and counsel fees and costs in any action pending or which may hereafter be brought by either one of the parties hereto against the other, all future claims or demands for alimony, support or maintenance by either party against the other being hereby expressly waived." In answer to this claim we deem it sufficient to say that even if the above clause of the contract is subject to counsel's criticisms, it is separable from the other provisions of the agreement and does not affect the balance thereof. (*McCahan* v. *McCahan*, 47 Cal. App. 176 [190 Pac. 460]; *Estate of Sloan*, 179 Cal. 393 [177 Pac. 150].)

■ It is next claimed that the agreement was annulled by a subsequent reconciliation of the parties. This contention is based upon the eighth finding of fact herein. . It is claimed by appellant that by reference to paragraph H of an exhibit attached to the defendant's answer herein the court found that the parties became reconciled in the early part of 1923. As we construe this finding it is to the effect that the allegations of extreme cruelty alleged in said paragraph H are true, that being the subject matter of said paragraph, the reference to the reconciliation being incidental only. Further, the court in finding VI specifically found that the date of separation of the parties was February 17, 1922. Again, in finding XIII, the court found that since February 17, 1922, "no reconciliation has ever taken place between the above-named parties, but, on the contrary, they have been and are now living separate and apart and unreconciled." We therefore hold that the findings do not support appellant's claim that the parties were ever reconciled.

The further claim of appellant that the findings of fact are contradictory is covered by what we have heretofore said concerning the allegation that the parties to this action

had, after making the agreement above referred to, become reconciled. The point is without merit.

■ Appellant claims that the findings of cruelty do not support the decree. The former action pleaded in bar to this action was commenced on January 10, 1924, and the decree therein denying a divorce to either party was entered on September 16, 1924. The present action was commenced May 12, 1926, and the decree therein entered November 2, 1927. It is claimed that the acts of cruelty occurring prior to the entry of the decree in the former action are not available to this plaintiff in the present action, but the court finds that the alleged acts of cruelty have been continuous during the four years immediately preceding the commencement of the present action and one particular instance as of date September 23, 1925, and other acts of cruelty occurring during the same month are found by the court to be true. The findings are, therefore, not subject to the criticism. We find no error in the record.

The judgment is affirmed.

Nourse, Acting P. J., and Sturtevant, J., concurred.