[S. F. No. 5303.    In Bank.—May 13, 1910.]

## F. J. BETTENCOURT, Appellant, v. JEREMIAH J. SHEEHY, Respondent.

INTOXICATING DRINKS—ACT LIMITING ACCOUNT TO FIVE DOLLARS—
    "SALE AT RETAIL OR BY THE DRINK"—CONSTRUCTION OF STATUTE.—
    The act of March 20, 1874, prohibiting recovery "for a greater amount than five dollars, for the sale at retail, or by the drink, of any spirituous or malt liquors, wine, or cider," is not to be construed as making sales "by the drink" synonymous with or explanatory of a "sale at retail" on account of the use of the conjunction "or."

The act, by its terms, is clearly applicable both to sales "at retail" and sales "by the drink."

ID.—MEANING OF WORD "RETAIL"—ACTS IN PARI MATERIA.—The word "retail," as used in the act of March 20, 1874, is not to be construed as it would in reference to the sales of merchandise in general, but is to be understood in the same sense in which it was used in the original section 3381 of the Political Code adopted in 1872 regulating "Retail liquor licenses," which must be construed in *pari materia* with the later act of 1874, and shows clearly the sale of liquor "at retail" was limited to sales "in less quantities than one quart."

ID.—MARGINAL NOTE PART OF ORIGINAL STATUTE.—The marginal note expressing the subject of the enactment as regulating "retail liquor licenses" was made by the Code commissioners under the authority of the legislature. Such marginal notes are parts of the statute limiting and defining the sections to which they refer, and to refuse to give effect to them according to their import would be to make the law, not to administer it.

ID.—SALE OF LIQUORS IN GREATER QUANTITIES THAN ONE QUART—RECOVERY OF ACCOUNT NOT LIMITED.—Where the sales of liquor were in gallon and half-gallon demijohns drawn from barrels, and no part of it was drank upon the premises, the recovery of the full account therefor is not limited by the act of March 20, 1874.

APPEAL from a judgment of the Superior Court of Monterey County. B. V. Sargent, Judge.

The facts are stated in the opinion of the court.

Wyckoff & Gardner, and C. F. Lacey, for Appellant.

Geo. P. Burke, and Zabala & Wyatt, for Respondent.

ANGELLOTTI, J.—This is an action by plaintiff, who conducts a grocery and merchandise store in Watsonville, against defendant, to recover the balance due on a running account for goods sold to him for one Kitagawa. There was found to be due plaintiff on this account the sum of $323.10, which included items aggregating $54.30 for wines and whisky sold to defendant for Kitigawa. None of said wine or whisky was sold to be drunk on the store premises, and none of it was drunk there. It was sold in amounts of gallons and half gallons, being drawn from barrels into demijohns, and was all taken away from the premises in such demijohns by Kitigawa. The trial court being of the opinion that a recovery for any

greater amount than five dollars for said liquor was prohibited by the act of the legislature entitled: "An act to prohibit the collection of accounts for liquors sold at retail," approved March 20, 1874 (Stats. 1873-4, p. 509), gave judgment in favor of plaintiff for $273.80. Plaintiff appealed from such judgment to the district court of appeal, and the appeal was subsequently transferred to this court for determination.

The only question involved is whether the act hereinbefore referred to includes such transactions as those above detailed. The act is as follows:

"Sec. 1. The purchase of, or the sale and delivery of any spirituous or malt liquors, wines, or cider, by retail, or by the drink, is hereby declared to be an invalid consideration for any promise to pay, or assumpsit of account therefor, when the amount of such account or demand exceeds five dollars.

"Sec. 2. No court shall, in any action at law, render judgment for a greater amount than five dollars, for the sale at retail, or by the drink, of any spirituous or malt liquors, wine, or cider, together with costs."

We cannot accede to the claim of learned counsel for plaintiff that the words "or by the drink" are to be taken simply as limiting the effect of the words "by retail" and "at retail" as used in the act. It is true, of course, that a sale by the drink is necessarily a sale "by retail," and that it was entirely unnecessary to specify sales "by the drink" if all sales at retail were intended to be included, for the provisions as to sales "at retail" necessarily included sales by the drink. But if sales by the drink were the only sales intended to be included, why say anything at all about sales "at retail"? A provision as to sales "by the drink" would have sufficed. The theory that the intention was by the words "or by the drink" simply to explain what was meant by the words "by retail" is not consistent with the language used, and to that alone must we look for the intention of the legislature. If there had been any such intention it might have been indicated by a provision defining the word "retail" as used in the act, or even less artistically by the words "that is" in place of the word "or" before the words "by the drink." But we would be indulging in the merest surmise, unsupported by any language in the act or by any rule of statutory construction, if we concluded that the intention was as claimed by learned counsel. The act by its

terms is clearly applicable to sales at "retail" and sales "by the drink," and we can attribute the presence of the latter words only to a superabundance of caution on the part of the legislators, who may have feared that some subtle distinction resulting in the exclusion of the vendor by the drink from the provisions of the act might be found between the two classes.

The remaining question is what was meant by the word "retail" as used in the act. It cannot well be disputed that the sales of liquor made by plaintiff were sales at "retail," within the ordinary and common acceptation of that term as applied to sales of merchandise generally. As to sales of intoxicating liquor, however, as said in Black on Intoxicating Liquors, section 23, as a general rule the statutes have undertaken to regulate the distinction between the terms "retail" and "wholesale" by prescribing that sales of less than a given quantity should be considered sales at retail, and thus to give to the word "retail," as applied to the liquor traffic, a meaning generally accepted in the state. This distinction is usually to be found in acts imposing a license-tax or regulating the business of liquor selling. We are of the opinion that at the time of the adoption of the act of March 20, 1874, the word "retail" as applied to the liquor traffic must be held to have acquired a fixed and definite meaning by reason of the statute relative to licenses to be obtained by persons engaged in the sale of spirituous, malt, or fermented liquor or wine. Section 3381 of the Political Code, in the article devoted to the classification and amount of license taxes, provided that every person who sells such liquors or wines "in less quantities than one quart" must obtain a license, paying therefor an amount in proportion to the amount of sales. No license-tax was imposed on vendors of such liquor in quantities of one quart or more except as they might fall within other provisions relating to merchants generally. As to such merchants the provision was absolute that no sale of liquors or wine could be made in less quantities than one quart. This section was a part of the original Political Code adopted in 1872. The marginal note to section 3381 contained in the original edition made and certified by the code commissioners under authority from the legislature was: "Retail liquor licenses." Transactions in such liquors were thus divided into two classes, to one of which, viz., sales in less quantities than one quart, the name of "retail" was given by

the statute itself, for the marginal notes to the sections of the original codes cannot be distinguished in principle from the head notes to the chapters, articles, and titles. As to these it has been held that they are parts of the statute limiting and defining the sections to which they refer, and that to refuse to give effect to them according to their import would be to make the law, not to administer it. (*Sharon* v. *Sharon,* 75 Cal. 16, [16 Pac. 345]; *Barnes* v. *Jones,* 51 Cal. 306; *Keyes* v. *Cyrus,* 100 Cal. 325, [38 Am. St. Rep. 296, 34 Pac. 722].) We are satisfied that under this classification the word "retail" must be held to have such a definite and fixed meaning in relation to the liquor traffic, viz.: as referring only to sales in quantities less than one quart, that it must be presumed to have been used by the legislature with that meaning in the act under consideration. That the distinction is made in sections relating to license-taxes does not assist defendant. The two statutes are in a sense in *pari materia.* The imposition of a license-tax upon retail liquor dealers has always been considered a regulation of the business as well as a provision for revenue, and for that reason the license-tax on such dealers has always been larger in amount than the tax imposed on the ordinary merchandise business. The act involved in this case was also in the nature of a regulation of the same business, the object being to prevent sales on credit by one engaged therein. It is only upon the theory that it was such a regulation, enacted in the lawful exercise of the police power of the state, that it can be upheld as a valid law at all. Thus we have two statutes regulating the sales of liquors at retail, the statute of 1872 regulating it by the imposition of a license-tax and prescribing, at least for the purposes of such regulation, what shall constitute a sale at retail, and the statute of 1874 regulating the business of selling liquors by retail by prohibiting the collection of any amount exceeding five dollars on any balance due on account of such sales. It is only reasonable to assume that the word "retail" was used in the later act as intended to include only such transactions as were intended to be regulated by the prior act. The cases of *Beiser* v. *State of Georgia,* 79 Ga. 329, [4 S. E. 257], and *Roberson* v. *City of Lambertville,* 38 N. J. L. 71, sustain our conclusion in this regard.

In the cases relied on by learned counsel for defendant there does not appear to have been any statutory classification war-

ranting a conclusion that the word "retail" was used other than in its ordinary and common acceptation.

The judgment is modified by adding to the amount recovered by plaintiff the sum of $49.30, and as so modified it is affirmed.

Shaw, J., Lorigan, J., Henshaw, J., Melvin, J., and Sloss, J., concurred.