[Crim. No. 493.   Second Appellate District.—May 25, 1916.]

In the Matter of the Application of NEWTON WILSON, for a Writ of Habeas Corpus.

CRIMINAL LAW—CONSTRUCTION OF STATUTE—HEADNOTES.—Headnotes of the sections of the codes as adopted in 1872 are integral parts of the codes themselves and are to be given effect according to their import.

ID.—PRESENTING FALSE PROOF ON CLAIM FOR ACCIDENT INSURANCE— CONSTRUCTION OF SECTION 549, PENAL CODE.—Section 549 of the Penal Code does not include the offense of presenting a false or fraudulent claim upon a contract of accident insurance, and one convicted under an information attempting to charge such an offense will be discharged on *habeas corpus*.

APPLICATION originally made to the District Court of Appeal for the Second Appellate District, for a Writ of Habeas Corpus.

The facts are stated in the opinion of the court.

Davis & Rush, for Petitioner.

Thomas Lee Woolwine, District Attorney, and George E. Cryer, Deputy District Attorney, for Respondent.

CONREY, P. J.—The petitioner is held in custody by the sheriff of Los Angeles County under a commitment issued out of the superior court. The commitment has been issued pursuant to a judgment pronounced against petitioner in a criminal action, and requiring that he be punished by imprisonment in the state prison. Petitioner's claim that the commitment is illegal and void is based upon the proposition that the information in the action does not charge a public offense.

The accusation set forth in the information was that the defendant committed the crime of presenting false proofs in support of a claim upon a policy of insurance; the policy in question being one of insurance against accident. If any offense is charged against the petitioner by that information, it must be an offense coming within the terms of section 549 of the Penal Code. If that section does not include the presentation of a false or fraudulent claim, or proofs in support of such claim upon a contract of accident insurance, then the information states no criminal offense. Sections 548 and 549 are contained in chapter XI of title XIII, part I, of the Penal Code. The chapter heading and section headings pertinent to this chapter and these sections have not been changed, nor have the sections been amended since the enactment of the code in 1872. The chapter heading is, "Fraudulent destruction of property insured." The headnote of section 548 is, "Burning or destroying property insured." The headnote of section 549 is, "Presenting false proofs in support of a claim upon policy of insurance." These are not mere editor's notes, but are integral parts of the code itself. This will be seen by referring to the commissioners' certificate following the title page of the Penal Code in its original edition and the statutory provisions therein mentioned. The same situation exists with respect to the other codes of this state adopted at the same time. In *Sharon* v. *Sharon*, 75 Cal. 1, at page 16, [16 Pac. 345], referring to the Civil Code, the

supreme court said: "Each article of the code is preceded by head-notes, numbered to correspond with the sections following, and purporting to give in brief the subject of each of such sections. These head-notes are entitled to more consideration than the 'title' to an entire act. They are parts of the statute limiting and defining the sections to which they refer. To refuse to give effect to them according to their import would be to make the law, not to administer it." In *Bettencourt* v. *Sheehy*, 157 Cal. 698, [109 Pac. 89], referring to the marginal notes contained in the original edition of the Political Code, it was said: "The marginal notes to the sections of the original codes cannot be distinguished in principle from the head-notes to the chapters, articles, and titles. As to these it has been held that they are parts of the statute limiting and defining the sections to which they refer, and that to refuse to give effect to them according to their import would be to make the law, not to administer it."

Reading together the chapter title and the headnotes, together with the text of sections 548 and 549, we find that the offenses therein described have reference to cases in which property has been destroyed or injured, or where false or fraudulent claims or proofs of claim are presented upon contracts of insurance against losses incident to injury to property or destruction thereof. The failure of the legislature to give to this chapter a broader scope so as to include accident insurance, may be attributed to the fact that insurance contracts of that kind are of modern origin, and in the year 1872 casualty insurance was not yet a common or well-known class of business. Being of the opinion that the information does not state or describe a criminal offense, we conclude that the petitioner is entitled to be released, and it is therefore ordered that he be discharged from custody.

James, J., and Shaw, J., concurred.