[Civ. No. 4022.   First Appellate District, Division Two.—December 15, 1921.]

## ADA E. MATHEWS, Appellant, v. WILLIAM H. MATHEWS, Respondent.

[1] DIVORCE—AWARD OF ALIMONY—MODIFICATION OF DECREE—POWER OF COURT—EFFECT OF STIPULATION.—A stipulation of the parties to an action for divorce before trial that a certain sum might be awarded to the plaintiff "as and for permanent alimony" has reference to the alimony awarded after suit under section 139 of the Civil Code, as distinguished from the suit money awarded during the pendency of the action, and usually termed "temporary alimony," and an award of such amount in the interlocutory decree is subject to the power of modification, although the decree fails to show that the stipulation was before the court or that it was considered by it.

[2] ID.—AWARD OF ALIMONY—MODIFICATION OF DECREE—DISCRETION.— The modification of a decree of divorce in respect to the award of

---

2. Modification of decree of divorce in respect to the award of alimony, notes, 13 Ann. Cas. 296; Ann. Cas. 1912C, 446; 44 L. R. A. (N. S.) 1026.

alimony is a matter which rests in the sound discretion of the trial court, and when the financial circumstances of the parties change, the court may in its discretion modify the award.

APPEAL from an order of the Superior Court of San Mateo County modifying an interlocutory decree of divorce. George H. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

H. W. Glensor and Glensor, Clewe & Van Dine for Appellant.

Ross & Ross for Respondent.

NOURSE, J.—This is an appeal from a special order made after final judgment modifying the provisions of an interlocutory decree of divorce respecting the payment of alimony. The case was before the first division of this court on a former appeal. (*Mathews* v. *Mathews*, 49 Cal. App. 497 [193 Pac. 586].) The order there under consideration modified the interlocutory decree on the ground that the final decree did not contain any direction as to the payment of alimony. The court held that this ground was not sufficient to warrant the modification of the decree and the order was, therefore, reversed. A new motion was thereafter made on the ground that the financial circumstances and conditions of both plaintiff and defendant had materially changed since the entry of the interlocutory decree, and that it was not necessary or equitable for the defendant to be required to continue to pay to plaintiff the alimony awarded in the interlocutory decree.

[1] Prior to the trial of the action the parties stipulated that the sum of thirty dollars a month "as and for permanent alimony" might be awarded to plaintiff by the court. The interlocutory decree does not show that the stipulation was before the court or that it was considered by it, but does recite that proofs were taken of the matters alleged in the complaint and makes the same award as and for permanent alimony as is mentioned in the stipulation. The complaint alleged that thirty dollars per month was "a reasonable sum as and for alimony for the support and maintenance of plaintiff."

There was nothing in the complaint to apprise defendant of the fact that plaintiff was seeking something else than

the ordinary alimony authorized by sections 137 and 139 of the Civil Code. When the stipulation was drawn waiving counsel fees and suit money and fixing the amount to be allowed as "permanent" alimony the defendant was justified in assuming that such alimony was subject to the power of the court to modify as conferred by section 139.

The words "permanent alimony" as used in the stipulation and in the interlocutory decree refer to the alimony awarded after suit under section 139 as distinguished from the suit money awarded during the pendency of the action and usually termed "temporary alimony." This section of the code must be read into the decree, and as the stipulation is not different from the decree it cannot mean more than that the trial court was authorized to award plaintiff thirty dollars a month as permanent alimony on the completion of the trial but that such award was subject to the power of the court to modify as provided in that section.

The grounds of the motion to modify the decree were that the financial circumstances of both parties had materially changed and that it was not necessary or equitable to require defendant to continue to pay the alimony to plaintiff. The showing was that plaintiff was in a much better position financially than defendant and was in receipt of a very much larger income than he.

[2] The modification of a decree in respect to the award of alimony is a matter which rests in the sound discretion of the trial court. The original award under section 139 of the Civil Code is to be made with "regard to the circumstances of the parties respectively." When the circumstances change the court may in its discretion modify the award. The notice of motion assigned a legal ground for the modification of the decree and the showing was sufficient to support the order.

The order is affirmed.

Langdon, P. J., and Sturtevant, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on February 9, 1922.

All the Justices concurred.

Lennon, J., was absent and Richards, J., *pro tem.*, was acting.