[Civ. No. 4713.   First Appellate District, Division One.—September
30, 1924.]

## BRIDGET LYNCH, Appellant, v. WILLIAM LYNCH, Respondent.

[1] DIVORCE—DECREE GRANTED UNDER SECTION 136, CIVIL CODE—MODIFICATION — JURISDICTION. — The right to modify a decree granted
under section 136 of the Civil Code is expressly given by statute,
and therefore no reservation in the decree is necessary.

[2] STATUTORY CONSTRUCTION—CODES.—The codes are to be construed
as a single statute.

[3] DIVORCE — SECTION 136, CIVIL CODE — CONSTRUCTION OF. — Section
136 of the Civil Code relates to divorce and includes separation,
and it allows, in effect, a partial divorce.

[4] ID.—SECTIONS 136 AND 139, CIVIL CODE—MODIFICATION OF ORDERS.
Section 136 of the Civil Code, which provides for maintenance by
the husband of the wife and children of the marriage where
divorce is denied, and section 139 of the same code, which provides
for the support of the wife and children on divorce and separation granted to the wife, and that the "court may, from time to
time, modify its orders in these respects," are to be read and construed together.

[5] STATUTORY CONSTRUCTION—HEAD-NOTES IN CODES.—Head-notes of
code articles are an integral part of the codes and are to be given
effect according to their import.

---

1.   See 1 Cal. Jur. 1037; 1 R. C. L. 946.
2.   See 25 R. C. L. 1009.

[6] DIVORCE — DECREE — PROPERTY SETTLEMENT AGREEMENT. — The decree is the act of the court, and any agreement between the parties with reference to its provisions that was not made known to the court will have no weight in construing the intention of the court.

[7] ID. — MODIFICATION OF DECREE — JURISDICTION. — Where upon a denial of divorce, the court made its decree dividing the community property and directing the husband to convey to the wife an undivided one-half interest in and to the same, and allowing the wife, for the support of herself and her minor children, to receive, collect and retain the rents of the real property, and further directing the husband to pay the taxes assessed against the property and the interest on account of a mortgage and the decree containing no statement as to settlement of property rights, thereon, and the provisions of the decree being severable, and the husband having conveyed a half interest in said property as directed, the court had the power to subsequently modify the decree by directing the wife to pay one-half of the rents collected by her to the husband, and also by directing her to pay one-half of the principal and interest of the mortgage and one-half of the taxes assessed against the property; and on appeal from such an order of modification, so far as the title to the real property is concerned, the parties will be left where the husband's formal transfer by deed of a one-half interest has placed them, viz., each the owner of an undivided one-half interest in fee to the real property.

[8] ID. — DISCRETION. — On this appeal from an order modifying a divorce decree it is held there was no abuse of discretion on the part of the trial court in making the modification.

[9] ID.—DISCRETION—PRESUMPTIONS.—Abuse of discretion by a judge will not be presumed; it must be made clearly to appear before his discretion will be interfered with.

(1) 19 C. J., pp. 270, 272, sec. 617, pp. 358, 359, sec. 819.   (2) 36 Cyc., pp. 1134, 1167.   (3) 19 C. J., p. 157, sec. 401.   (4) 36 Cyc., p. 1167.   (5) 36 Cyc., p. 1134.   (6) 19 C. J., p. 329, sec. 767. (7) 19 C. J., p. 270, sec. 617, p. 339, sec. 785, p. 359, sec. 819. (8) 19 C. J., p. 274, sec. 619, p. 361, sec. 623.   (9) 4 C. J., p. 798, sec. 2754.

APPEAL from an order of the Superior Court of the City and County of San Francisco modifying divorce decree. Edmund P. Mogan, Judge. Affirmed.

6. Power of court to modify decree based on agreement of parties for alimony, notes, 13 Ann. Cas. 296; Ann. Cas. 1912C, 446. See, also, 1 R. C. L. 947.

7. See 1 Cal. Jur. 1030.

9. See 2 Cal. Jur. 896; 2 R. C. L. 211.

The facts are stated in the opinion of the court.

J. C. Flannery for Appellant.

Chas. W. Haswell, Haswell & Pierce and Cecil A. Borden for Respondent.

ST. SURE, J.—Appeal from an order modifying a decree providing for the maintenance by the husband of the wife and children of the marriage, under the provisions of section 136 of the Civil Code.

Bridget Lynch commenced an action for divorce against her husband, William Lynch, alleging extreme cruelty. There were six children, three of whom were minors at the time the action was commenced. The community property consisted of a certain piece of realty with three flats upon it. Mr. Lynch answered, denying the allegations of the complaint. Divorce was denied, and the trial court, invoking the authority of section 136 of the Civil Code, made its decree dividing the community and directing defendant to convey to plaintiff an undivided one-half interest in and to the same. The decree also provided that the "care, custody and control of the minor children of the parties" be awarded to the plaintiff, and "that the plaintiff, Bridget Lynch, for the support of herself and said minor children, be allowed to assume the management of said real property, as described in said complaint, and to receive and collect the rents thereof and retain the same for her support and the support of said minor children, and in addition thereto that the said William Lynch pay to said plaintiff the sum of $25 per month, payable on the first day of each and every month." Defendant was, by the decree, further required to pay the taxes assessed against the property and the interest due on account of a mortgage on the property.

Defendant applied to the superior court for a modification of the decree, relieving him from the payment of $25 per month, on the ground that he was suffering from a serious physical ailment and needed the money to defray the expense of surgical treatment. The motion was heard upon affidavits of the parties and oral evidence. The trial court modified the decree, not as asked for by defendant, but by directing plain-

tiff to pay one-half of the rents collected by her to defendant, and also directing her to pay one-half of the principal and interest of the mortgage and one-half of the taxes assessed against the property.

Plaintiff's first point is that a decree entered under the provisions of section 136 of the Civil Code cannot be subsequently modified, except as the modification pertains to minors. It is conceded that where the trial court has not reserved in its decree the right of modification, and where such right is not conferred upon it by statute, the trial court is without power to modify or alter such decree. **[1]** But it is defendant's contention that the right to modify a decree granted under section 136 of the Civil Code is expressly given by statute, and therefore no reservation in the decree is necessary. We are in accord with defendant's contention. **[2]** The codes are to be construed as a single statute (*McKay* v. *McKay,* 125 Cal. 65, 68 [57 Pac. 577]). Section 136 is found in that part of the Civil Code devoted to "Personal Relations." Title I relates to the subject of "Marriage," including sections 55–181. Chapter II relates to "Divorce" and includes articles I–IV, sections 82–148. **[3]** Clearly, then, section 136 relates to divorce and includes separation. It allows, in effect, a partial divorce. (*Sweasey* v. *Sweasey,* 126 Cal. 123, 129 [58 Pac. 456].) Section 136 by its terms provides for maintenance by the husband of the wife and children of the marriage where divorce is denied. Section 139, also relating to the same subject matter, provides for support of the wife and children on divorce and separation granted to the wife, and further provides that the "court may, from time to time, modify its orders in these respects." **[4]** A perusal of the head-notes of each article, numbered to correspond with the sections following and purporting to give in brief the subject of each of such sections, indicates that sections 136 and 139 are to be read and construed together. **[5]**. It has been said that the head-notes are an integral part of the codes and are to be given effect according to their import. (*Sharon* v. *Sharon,* 75 Cal. 1, 16 [16 Pac. 345]; *Matter of Wilson,* 30 Cal. App. 567, 568 [158 Pac. 1050]; *Alden* v. *Mayfield,* 33 Cal. App. 724, 725 [166 Pac. 382].) And in referring to the marginal notes, which we have not heretofore mentioned, it was said in *Bettencourt* v.

*Sheehy,* 157 Cal. 698 [109 Pac. 89], that the "marginal notes to the sections of the original codes cannot be distinguished in principle from the head-notes to the chapters, articles and titles. As to these it has been held that they are parts of the statute limiting and defining the sections to which they refer, and that to refuse to give effect to them according to their import would be to make the law, not to administer it." As to the power of the trial court to modify its decree in cases like the one here under consideration, see subject, Alimony and Separate Maintenance, section 84, 1 Cal. Jur., and cases therein cited.

Plaintiff's second point is that a "contract settling property rights of parties and the decree containing terms of the property settlement cannot be subsequently modified, except upon the ground of fraud, misrepresentation or undue influence." Defendant concedes that this is a correct statement of the law, contending, however, that section 136 confers no authority upon the trial court to settle the property rights of the parties. This may be so, but we do not think we are called upon to decide this point. While defendant obeyed the direction of the court that he convey to the plaintiff an undivided one-half interest in and to the community, neither of the parties are complaining of this, nor did the trial court change the decree in this particular. An examination of the decree shows that its provisions are severable, and the provision modified appertained to the maintenance of the wife and minor children, gave to the wife the management of the property, the collection of the rents and the "right to retain the same for her support and the support of said minor children," and "in addition thereto" required defendant to pay to plaintiff $25 per month. Another paragraph of the decree directed that defendant pay the taxes and the interest upon a mortgage. Defendant asked only to be relieved of the payment of $25 per month. The order of modification left the provisions of the decree unchanged except that plaintiff was required to pay to defendant one-half of the rents collected by her and that the parties share equally the burden of taxes and the principal and interest of the mortgage. Plaintiff's contention that there was a property settlement "made out of court by and between" respective counsel for the parties is not borne out by the decree. The decree contains no statement

to the effect that the parties had agreed either in writing or orally in open court to a settlement of their property rights. [6] The decree is the act of the court, and any agreement between the parties with reference to its provisions that was not made known to the court will have no weight in construing the intention of the court. (*Soule* v. *Soule,* 4 Cal. App. 97, 104 [87 Pac. 205].) [7] Under the circumstances, so far as the title to the realty is concerned, we think we are justified in leaving the parties where defendant's formal transfer by deed of a one-half interest has placed them, viz.: each the owner of an undivided one-half interest in fee to the real property.

Plaintiff's last point is that the trial court abused its discretion in modifying the decree. The evidence showed that defendant was suffering from tuberculosis of bone of the leg and was in need of surgical attention entailing expense. Since the entry of the original decree two of the children who were minors have attained their majority. Plaintiff had living with her three unmarried adult sons, all of whom were capable of earning a livelihood and paying their mother for their board and lodging. Defendant is about fifty-nine years old; he was employed as a janitor and earned $100 per month. He was given the use of a room in one of the flats occupied by plaintiff and her sons, rent free; he "took his meals outside." According to a statement made by plaintiff the gross returns in rents from the property amount to $720 annually. The taxes and interest amount to $237. Subtracting this expense from the income leaves the sum of $483, which, under the terms of the modification, is to be divided between the parties. Defendant is required to pay to plaintiff the sum of $25 per month, amounting to $300 annually. Plaintiff retains the management of the property and collects the rents. [8] We are unable to see where there has been an abuse of that sound discretion resting in the trial court. [9] Abuse of discretion by a judge will not be presumed; it must be made clearly to appear before his discretion will be interfered with. (*Kaiser* v. *Hancock,* 25 Cal. App. 323, 328 [143 Pac. 614].)

We find nothing in the record which would warrant a reversal of the order, and it is therefore affirmed.

Knight, J., and Cabaniss, P. J., *pro tem.,* concurred.