[Civ. No. 3469. Third Appellate District.—September 18, 1928.]

ELAINE T. SMITH, Respondent, v. SIDNEY V. SMITH, Jr., Appellant.

Alden Ames and Henry & Bedeau for Appellant.

Charles A. Wetmore, Jr., for Respondent.

PLUMMER, J.—On the twenty-fifth day of June, 1926, an interlocutory decree of divorce was entered in the above-entitled action, which decree is in the words and figures following to wit:

"This cause came on regularly for trial before the court on the 24th day of June, 1926, upon the complaint of plaintiff and the answer thereto of defendant. W. H. Carlin appeared as counsel for plaintiff and Alden Ames appeared as counsel for defendant. A trial by jury having been expressly waived by the respective parties, the cause was tried before the court without a jury; whereupon witnesses were duly sworn and examined and they testified in said cause and documentary evidence was introduced therein and the stipulation of the parties concerning property rights and custody of the children was received in evidence and the testimony was closed and thereupon, findings of fact and conclusions of law were duly waived by the respective parties by their written consent duly made, signed and filed with the clerk of this court; and the court having duly considered the evidence and being fully advised in the premises, and it appearing to the satisfaction of the court that all and singular the allegations and averments in plaintiff's complaint contained are true;

"Whereupon, it is hereby adjudged, determined and declared, that plaintiff, Elaine T. Smith, is entitled to a divorce from the defendant, Sidney V. Smith, Jr.;

"It is further ordered, adjudged and decreed that there is no community property whatsoever existing between plaintiff and defendant and that plaintiff be awarded no property whatsoever; that the care, custody and control of the two elder children of plaintiff and defendant referred to in the complaint in this action, namely, Sidney V. Smith, Jr., and Cora B. Smith, be and hereby is awarded to their uncle, Felix T. Smith, with the right and privilege on the part of

both plaintiff and defendant to visit and see said children at all proper times and proper occasions; that the custody, care and control of the youngest child of said marriage, namely, Elaine Smith, be and the same hereby is awarded to Anna Trenberth, mother of plaintiff, and Felix T. Smith, jointly; the manual care of said child to remain with said Anna Trenberth during her lifetime and while able to attend to the same, with the right and privilege on the part of both plaintiff and defendant to visit and see said child at all proper times and on proper occasions.

"It is further ordered, adjudged and decreed, that commencing with the first day of July, 1926, and on the first day of each and every month thereafter, continuing for a period of one year, or twelve months, defendant Sidney V. Smith, Jr., shall pay to plaintiff as alimony the sum of One Hundred Dollars ($100.00).

"It is further ordered, adjudged and decreed, that each of the parties to this action shall defray and pay his and her own costs and counsel fees.

"Done in open court this 25th day of June, 1926.

"EUGENE P. McDANIEL, Judge."

On the twentieth day of June, 1927, pursuant to a notice thereof given on or about the sixth day of June, 1927, the plaintiff moved the court to amend the order or decree for alimony and to provide that until the further order of the court the defendant should pay to the plaintiff the sum of $250 per month as alimony for her maintenance and support and also for a like sum for counsel fees. A hearing was had upon this motion, which was supported by affidavits and oral testimony, taken under advisement by the court, and thereafter an order was made changing the order or decree of the court as to the alimony to be awarded to the plaintiff and ordering that until further change the defendant should pay to the plaintiff the sum of $175 per month, and also further specifying that the plaintiff "be allowed the further sum of $200.00 as and for attorney's fees in this proceeding, and her costs incurred herein." The motion for the change in the allowance of alimony was made, and as appears from the recital contained in the order of the trial court awarding further alimony, was by reason of the physical incapacity of the plaintiff to support herself and the further reason that she was without means and entirely

dependent upon such alimony as should be allowed by the court. The proceedings had before the trial court upon the motion for an order continuing the allowance of alimony and specifying the amount to be paid monthly show that the minor children, the issue of the marriage between the plaintiff and the defendant, had been amply provided for by the last wills and testaments of a grandfather and grandmother, being the deceased father and mother of the defendant Sidney V. Smith, Jr. The record also shows that the defendant was in possession of certain farming lands in the county of Yuba of the value of some $40,000, and that he was also the beneficiary of a trust fund aggregating a trifle over $108,000 in value and the amount of the income therefrom amply enabled the defendant to comply with the orders of the court. The record before us contains practically no contention to the contrary. Following the entry of the order which we have just referred to, the court, on the twenty-fourth day of October, 1927, entered a final decree of divorce following the interlocutory decree as modified, and as to the alimony the decree reads as follows: "It is further ordered, adjudged and decreed that the defendant above named, Sidney V. Smith, Jr., do pay to the plaintiff above named, Elaine T. Smith, the sum of $175.00 per month as permanent alimony, payable monthly commencing on the date, July 1, 1927, and to continue monthly thereafter until the further order of this court." The final decree also directed that the defendant should pay to the plaintiff the sum of $200 as and for her counsel fees.

Following the entry of the final decree the defendant appealed from the order modifying the award of alimony, and also from the final decree in so far as it awarded alimony and counsel fees. Prior to the entry of the interlocutory decree in said cause a stipulation was entered into between the plaintiff and defendant which reads as follows:

"In the event that upon such competent testimony as may be adduced upon the trial of the above entitled action an interlocutory decree of divorce should be entered in favor of plaintiff and against defendant, and concerning which this stipulation shall be silent, it is hereby agreed by and between the parties hereto as follows:

## "I.

"The care, custody and control of the two elder children named in the complaint herein, namely, Sidney V. Smith, Jr., and Cora B. Smith, shall be awarded to their uncle, Felix T. Smith, with the right and privilege on the part of plaintiff to visit and see said children at all proper times and on all proper occasions.

## "II.

"The care, custody and control of the youngest child, Elaine Smith, shall be awarded to Anna Trenberth, and said Felix T. Smith, with the right and privilege on the part of both plaintiff and defendant to visit and see said child at all proper times and on all proper occasions.

## "III.

"Defendant shall be responsible and pay for the support, maintenance and education of said three children.

## "IV.

"For a period of one year from and after the first day of July, 1926, defendant shall monthly, commencing with the first day of July, 1926, and on the first day of each and every month thereafter for a period of one year, pay to plaintiff the sum of One Hundred Dollars ($100.00).

"Dated this 24th day of June, 1926.

"ELAINE T. SMITH, Plaintiff.

"SIDNEY V. SMITH, JR.

"W. H. CARLIN, Atty. for Plaintiff.

"WALLACE & AMES, Attys. for Dft."

This stipulation was presented to the court, and as appears from the recital contained in the interlocutory decree, was considered by the court prior to the entry of the decree.

At about the same time another instrument in writing was signed by the respective parties reading as follows:

"This agreement made and entered into this 24th day of June, 1926, by and between Elaine T. Smith, hereinafter called the wife, and S. V. Smith, Jr., hereinafter called the husband:

## "Witnesseth:

"That in consideration of the dismissal of the appeal heretofore taken by the husband on the judgment obtained by the wife against him in the Superior Court of the State of California, in and for the County of Yuba, and his agree-

ing not to seek repayment of any moneys heretofore paid by him to the wife under his (her) judgment, the wife hereby releases and discharges the husband from all claims and demands of every kind and nature, whether for moneys owing or to any community property or alleged community property in his possession or control, or for alimony or maintenance or support heretofore accrued or hereafter to accrue, and for said consideration the wife further agrees that the husband may have undisturbed the custody and control of the children of the parties.

"In witness whereof the parties hereto signed their names the day and year first hereinabove written.

"Elaine T. Smith.

"Sidney V. Smith.

"Witness: Alden Ames."

This agreement was not introduced in evidence at the trial of the divorce action and was not considered by the court in the entry of the interlocutory decree. However, upon the motion interposed by the plaintiff to modify or change the terms of the interlocutory decree relative to the allowance of alimony, this instrument was introduced in evidence and in the language of the trial court was to be considered "for whatever it was worth." Upon this appeal it is contended that the trial court was without jurisdiction to make any allowance of alimony by reason of the stipulation and the agreement which we have set forth. ▮ It is first contended that as the time for appealing from the interlocutory decree had expired, the trial court was without jurisdiction to change its terms. The contention, however, is not pressed with much seriousness, the stress of appellant's argument being based upon the stipulation introduced in evidence prior to the entry of the interlocutory decree and the agreement introduced in testimony upon the hearing of the motion for a change in the order as to the allowance of alimony. Whether the stipulation and the agreement should be considered as one instrument or as parts of one instrument under the provisions of section 1624 of the Civil Code does not appear to us to be material. The stipulation was only introduced in testimony and presented for consideration by the trial court prior to the entry of the interlocutory decree. As we read the stipulation, there is nothing therein which in any way tends to limit any pay-

ment on the part of the defendant to the plaintiff, or to limit the power of the court to make such further order as it might deem consistent with the necessities of one party and the ability of the other. The stipulation and order of the court did not provide for the payment of a lump sum, but merely that the particular amount specified was to be paid every month for the period of one year, leaving to the court its jurisdiction to make such further order under section 139 of the Civil Code as the circumstances of the parties might justify.

It is contended, however, that the instrument called the "agreement," introduced in evidence upon the hearing for the continuance or modification of the further payment of alimony, absolutely barred the plaintiff in this action from any further rights, and also inhibited the court from making any provision for her support and maintenance, irrespective of any changed circumstances or conditions affecting the necessity therefor. When carefully considered this instrument is found to be not a property settlement as contemplated by sections 158, 159, and 160 of the Civil Code. The instrument does not purport to be anything further or other than a release of the defendant by and on the part of the plaintiff of any claims as to any alleged community property or for alimony or maintenance accrued or to accrue and an agreement that the husband might have, undisturbed, the custody and control of the children, the purported consideration being the dismissal by Sidney V. Smith, the defendant in this action, of an appeal theretofore taken by him from a judgment obtained by the plaintiff against him in a previous action, and his agreeing not to seek repayment of any moneys theretofore paid by him to the plaintiff under and by virtue of the judgment in said action. This agreement was not considered by the trial court, as we have said, prior to the entry of the interlocutory decree, and it appears from the record to have been disregarded by the trial court in the entry of the order and decree from which the defendant has appealed. Not being a property settlement, not having made any settlement upon the wife whatever of any property or making any provisions for her support and maintenance, it is evident to us that the trial court, if it had jurisdiction so to do, very properly disregarded the terms of the so-called agreement. There being nothing to the contrary

in the record, the presumption necessarily attaches that the judgment referred to in the agreement was properly entered; that there was no money to the payment of which Sidney V. Smith, Jr., was entitled. This being true, the instrument upon its face shows a want of consideration. All that can be said in favor of the instrument is that it probably evidences a desire on the part of the plaintiff to get free from the bonds which had bound her to a man at whose hands the court found that she had suffered extreme cruelty sufficient to entitle her to a divorce. The stipulation which we have set forth and considered by the court in the entry of its interlocutory decree evidences a departure from the terms of the so-called agreement by both parties to the action and also by the court.

With these premises laid down we will consider the cases relied upon by counsel and also those which we deem decisive of this case. Appellants set forth that all questions possible to be raised in this case are fully considered and decided in his favor in the case of *Brown* v. *Brown,* 83 Cal. App. 74 [256 Pac. 595]. It requires, however, only a cursory review of the Brown case to show that appellant's contention is untenable. The Brown case did not involve the power of the trial court to modify or change a previous order under and in accordance with the terms of section 139 of the Civil Code. In the Brown case the issue involved was as to whether the agreement that had been entered into between the parties pursuant to sections 158 and 159 of the Civil Code and incorporated into the interlocutory decree of divorce was valid or void. The question decided was whether the respective parties had the legal right to enter into such an agreement, and did not in any way involve the jurisdiction of the trial court to either adopt or disregard the property settlement that had been arranged between the parties. The trial court, however, did adopt the settlement made by the parties and set it forth as a part of the interlocutory decree. The point urged against the agreement was that it was void as against public policy and in not having been entered into until after the actual separation of the parties. Nothing of that nature is involved in the controversy now before us. The holding of this court in the case of *Brown* v. *Brown, supra,* that an agreement entered into between husband and wife, making provision

for the support of the wife and incorporated into the interlocutory decree of divorce, is not controlling in this case where the agreement makes no provision for the support of the wife, settles no property upon her, and not having been made a part of the interlocutory decree of divorce, is not an authority to the effect that the power of the court to change or modify alimony allowances under the terms of section 139 of the Civil Code is in anywise limited or abridged. The circumstances involved in the Brown case and in the case at bar are entirely dissimilar. The sections of the Civil Code considered and applied in the Brown case are not applicable here. In the case of *McCahan* v. *McCahan,* 47 Cal. App. 176 [190 Pac. 460], the court, in an opinion written by Mr. Justice Waste, had occasion to consider the power of the trial court to approve or disregard agreements between husband and wife relative to the settlements of property rights and the making of provision for the support of the contracting parties. It is there said: ''The trial court having jurisdiction of the divorce action, had unlimited authority to make disposition of the community property of the parties. (Civ. Code, secs. 146, 147.) Whenever, therefore, it was made to appear that a division of the property had been made in accordance with the terms of the separation agreement, the court necessarily had jurisdiction to consider the instrument, and to affirm it, or to disregard it if it was found to be void. 'Such pretended agreements, if they are to have any force, must be subjected to the examination of the divorce court, and derive their sanction from a decree made by the court with a knowledge of the facts.' (Citing *Loveren* v. *Loveren,* 106 Cal. 509, 513 [39 Pac. 801].) The court, in the instant case, in its decree made no division of the property of the parties, or provision for the support of the defendant, but did recognize and expressly reserve to her the power to assert such rights and benefits as might accrue under the previously executed articles of separation. This action on its part we construe to be a ratification of the agreement to that extent.'' The agreement under consideration made provision for the support of the wife, and as shown by the quotation, was adopted and approved by the trial court to that extent. True, the agreement had to do with the division of community property. But the power

of the court, under section 139 of the Civil Code, is not limited to community property rights in making provision for the support of the wife. Again, in the McCahan case the decree of divorce did not undertake to make any other or separate provision for the support of the wife, other than followed as a necessary imputation from a ratification of the agreement entered into between the parties. Instead of being an authority to support the appellant's contention in the case at bar, it is an authority in support of the action of the trial court. The striking force of the opinion in the McCahan case is found in these words: "*Such pretended agreements, if they are to have any force, must be subjected to the examination of the divorce court and derive their sanction from a decree made by the court with a knowledge of the facts.*" (Italics are ours.) When a knowledge of all of the facts was brought home to the trial court in the case at bar, the agreement was disregarded, and modification of the previously entered decree made as demanded by the necessities of the plaintiff and the ability of the defendant to pay as shown by the testimony set forth in the record. In *Soule* v. *Soule*, 4 Cal. App. 97 [87 Pac. 205], the power of the court to modify or change an allowance of alimony previously made was very fully considered, and it was there held that whether the court, in the decree of divorce, used the word "permanent" or "temporary" alimony was wholly immaterial; that under section 139 of the Civil Code, the court had power to measure and fix the amount of compensation to be allowed for the support of the wife and to change the same from time to time as the necessities of the case and the circumstances of the parties required. The court further, in its opinion, stated that the burden was upon the plaintiff to show that the agreement involved was to be for life, and that such agreement was made known to the court before the decree was signed. This latter circumstance removes the case from the list of authorities relied upon in support of the defendant's appeal. The agreement was not made known to the court in either case, and there is nothing in the record in the case at bar which shows that the trial court, in making its allowance in the first instance, had anything before it to indicate that the parties intended to limit the power of the trial court to make further pro-

vision for the support of the wife, and when the agreement was subsequently brought to the attention of the court and subjected to its inspection in the light of the facts as to the defendant's ability to pay and the plaintiff's necessities, was disregarded. The fact that the time for appealing from the interlocutory judgment had expired is of no moment. This court, in the case of *Gates* v. *Gates*, 54 Cal. App. 407 [202 Pac. 151], in an opinion written by Mr. Justice Burnett, hearing herein denied by the supreme court, held: "That the interlocutory judgment had become final before the modification was made does not render section 139 (Civil Code), inapplicable." In that case the modification was not made until after the time for appealing from the interlocutory decree had expired. The authorities cited in that case are all applicable here. In the recent case of *Smith* v. *Superior Court*, 89 Cal. App. 177 [264 Pac. 573], this court, in an opinion written by Mr. Justice Hart, had occasion to affirm the ruling of the Gates case. In the case of *Mathews* v. *Mathews*, 55 Cal. App. 661 [204 Pac. 27], it was held that the court had power under section 139 of the Civil Code to modify an allowance of alimony and to make an award different than that agreed to by the parties. The circumstances there did not show that the stipulation was before the court or was ratified by it. It was further held that the award under section 139 of the Civil Code is to be made with regard to the circumstances of the parties, respectively, and when the circumstances change, the court may in its discretion modify the award. In *Hughes* v. *Hughes*, 68 Cal. App. 195 [228 Pac. 675], it was held that: "The superior court in an action for divorce has jurisdiction to make, on the application of the husband, an order modifying an interlocutory decree by reducing the amount of maintenance awarded thereby, notwithstanding the fact that the parties had previously made an agreement settling their property rights, wherein the husband agreed to pay to the wife a stipulated monthly sum," etc. If this is true, where provision has been made by the agreement for the support of the wife by the husband, with stronger reasoning must the rule apply that the court has power to act under section 139 of the Civil Code, where no provision has been made and the circumstances equitably require such action. In the

Hughes case, as in the case at bar, it was not shown whether the court, in framing its decree, adopted, rejected, or ignored the agreement, etc. In *Lynch* v. *Lynch,* 69 Cal. App. 66 [230 Pac. 462], the jurisdiction of the trial court to modify its orders awarding alimony is considered the authorities collected and the rule heretofore announced exemplified and followed. In *Bacigalupi* v. *Bacigalupi,* 72 Cal. App. 654 [238 Pac. 93], a case was presented where the interlocutory decree had become final and did not purport in any way to award alimony. The power of the court to thereafter make provision for the wife was denied. No alimony having been allowed and no award having been made, there was nothing to modify or to change. This difference in circumstances readily distinguishes the Bacigalupi case from the case at bar.

In *Moog* v. *Moog,* 203 Cal. 406 [264 Pac. 490], the supreme court having before it the question of the power of the trial court in divorce actions to make provision for the wife in the face of contracts of settlement between the parties, holds as follows: "With reference to ordinary contracts, the position of appellant is sound, undoubtedly; but in actions for divorce, there is a very large discretion vested in the trial court in the allowance of permanent support for the wife, where she is granted a divorce, even in the face of contracts of settlement between the parties. Such contracts must be subjected to the examination of a court in the divorce action and derive their sanction from a decree made by the court with knowledge of all the facts. (*Loveren* v. *Loveren,* 106 Cal. 509 [39 Pac. 801] ; *McCahan* v. *McCahan,* 47 Cal. App. 176 [190 Pac. 460] ; *Roberts* v. *Roberts,* 83 Cal. App. 345 [256 Pac. 826].) The rule stated in Corpus Juris, volume 19, page 218, is to the effect that where provision has been made by the husband for the wife, by separation agreement, the wife is not entitled to temporary alimony unless she offers to return what she has received or shows that the amount provided for in the agreement is not sufficient for her needs. The latter condition existed in the instant case. While the court found that the agreement was entered into without fraud or undue influence, it, nevertheless, found that the plaintiff had become totally blind since it was entered into and had become afflicted with

tuberculosis and was in need of the services of a nurse, and that she was without means. It was this unfortunate condition, doubtless, which influenced the court in making the award of alimony in addition to what had already been received by plaintiff. Under the circumstances, we see no reason to interfere with the exercise of discretion vested in the trial court.''

That the general current of authority is in line with the holding of the cases which we have cited as to the power of the trial court to disregard agreements between the parties relative to provisions for support, appears from the case of *Jennison* v. *Jennison*, 136 Ga. 202 [Ann. Cas. 1912C, 441, and the notes thereto, 71 S. E. 244]. The holding of the cases there cited is to the effect that the order allowing alimony is subject to revision at any time. The parties, in making the agreement, will be presumed to have entered into the same with the understanding that the trial court possessed the power to change or modify the award or provision made for support, as the circumstances might require or as the justice of the case might necessitate, the distinction being drawn that in some states, there being no statute similar to our code, the power to change or modify must be reserved in the decree.

All of the cases cited by appellant are reviewed in some one of the cases which we have considered, and therefore are not particularly mentioned herein.

On the part of the respondent it is urged that practically every question presented for decision in the record now before this court were considered and disposed of in an elaborate opinion prepared by Mr. Justice Hart of this court in the case of *Smith* v. *Superior Court*, reported in 89 Cal. App. 177 [264 Pac. 573]. With this contention we agree. On the part of the appellant it is contended that the issues presented upon this appeal are not all involved in the proceeding just referred to that the proceeding there was by *certiorari*, here by appeal, and that the agreement which we have considered was not before the court in the record presented upon application for a writ of *certiorari*. Be this as it may, the opinion of this court upon *certiorari*, fully considered the jurisdiction of the trial court, the effect of the agreement, and the power of the court to ratify or disregard

the same. The agreement is now before the court, and everything which was said by this court upon the *certiorari* proceedings relative to the agreement and the issues involved herein are pertinent and decisive and are hereby affirmed as being a correct statement of the law.

Respondent admits that the order allowing attorney's fees should not have been made. For this reason the power of the court in relation thereto is not considered, and the amount allowed by the trial court as attorney's fees is ordered stricken from the judgment. In all other respects the judgment is affirmed. The respondent is awarded costs on appeal.

Finch, P. J., and Hart, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 18, 1928, and a petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1928.

All the Justices present concurred.