[Crim. No. 2121. Second Appellate District, Division One.—December 28, 1931.]

In the Matter of the Application of CLARENCE R. CHASE et al. for a Writ of Habeas Corpus.

Cooper & Collings and N. J. Kendall for Petitioners.

John K. Hull, City Prosecutor, for Respondent.

CONREY, P. J.—By complaint filed in the municipal court of the city of Long Beach it was charged that on the twenty-ninth day of November, 1930, in the city of Long Beach, county of Los Angeles, state of California, a misdemeanor was committed by Clarence R. Chase, Clifford Casey and other persons named, who ''then and there wilfully and unlawfully, by invitation and/or device, did prevail upon persons to visit a place kept for the purpose of gambling, to-wit, the 'Johanna Smith', a ship anchored off the coast of the city of Long Beach, in violation of section 318 of the Penal Code of the State of California''. In due course of procedure, Chase and Casey were convicted. Each of the defendants was fined in the sum of $100, with an alternative of imprisonment. At the time of filing their application for writ of *habeas corpus* in this court, and until their release upon bail pending this proceeding, petitioners were imprisoned for nonpayment of said fine.

It is contended by petitioners that the commitment, under which they are held in custody, is void by reason of the fact that the municipal court was without jurisdiction to try them under said complaint or to render any judgment of conviction thereon. Petitioners contend that, for stated reasons, the complaint against them did not state facts sufficient to constitute a public offense or cause of action against them or either of them. Section 318 of the Penal Code reads

as follows: "Whoever, through invitation or device, prevails upon any person to visit any room, building, or other places kept for the purpose of gambling or prostitution, is guilty of a misdemeanor, and, upon conviction thereof, shall be confined in the county jail not exceeding six months, or fined not exceeding five hundred dollars, or be punished by both such fine and imprisonment."

It appears to be conceded that, if the complaint in the action fails to state a public offense, the court was without jurisdiction, and *habeas corpus* is the appropriate remedy. (*Ex parte Greenall*, 153 Cal. 767 [96 Pac. 804] ; *Matter of Wilson*, 30 Cal. App. 567 [158 Pac. 1050].)

The principal question in this case arises from the contention of petitioners that the complaint fails to allege the commission of any crime within the state of California. To visit a place where gambling is carried on becomes a crime against the statute only by virtue of such statutory prohibition as the state may choose to enact. In some countries and states adjacent to California, as well as on the high seas, there are no anti-gambling laws; but in California there are statutes designed for the prohibition within this state of gambling-houses and houses of prostitution. ■ (Pen. Code, secs. 315–318, 330, 331, 337, 337a.) According to a well-approved rule of construction these sections, in so far as they relate to the same subject, should be construed together. ■ Section 318 of the Penal Code does not attempt to make it a crime for one person within this state to advise or invite or seek to persuade another to go into Mexico or to some ship on the high seas for the purpose of gambling. The offense consists in "prevailing" upon some person or persons "to visit any room, building or other places kept for the purpose of gambling". Thus it is clear that the offense is not complete until, as a result of the invitation or device of the defendant, some person actually visits the gambling place.

■ We think it not reasonable to impute to the legislature of California an intention to extend or attempt to extend beyond the legislative jurisdiction of the state the operation of the criminal laws of this state. If the legislature had such extraordinary intention or purpose, it should have been so expressed as to leave no room for doubt. Referring back to the complaint on which petitioners were con-

victed, we find therein no direct statement that the ship "Johanna Smith", anchored off the coast of the city of Long Beach, was within the state of California. The stated fact was that "The Johanna Smith" was a ship *anchored off the coast* of the city of Long Beach. There is a great difference between a ship sailing on the high seas and a ship *anchored* "off the coast" of a particular state or city. The phrase "anchored off the coast" implies a local relationship to the land, although perhaps of a temporary character. The phrase is capable of being understood as referring to a place within the territorial jurisdiction of the state, and ordinarily would be so understood. It follows that the defect in the complaint, in its failure to directly declare that the ship was located within the "three mile limit" (assuming now that such was the necessary limit), was only an uncertainty in the form of the allegation, but was not a total failure to state facts sufficient to constitute an offense against the state law.

For the foregoing reasons we are of the opinion that the facts alleged in the complaint were sufficient to state a public offense, of which the municipal court had jurisdiction.

The writ is discharged and the petitioners are remanded to custody.

Houser, J., and York, J., concurred.