[Civ. No. 17066.   Second Dist., Div. Two.   Oct. 5, 1949.]

ETHEL BRADY, Appellant, v. CHARLES W. BRADY, Respondent.

( 1 )

George H. Pratt for Appellant.

Voorhees, Stewart & Voorhees and Grace A. Voorhees for Respondent.

McCOMB, J.—From an order modifying a previous order for the payment of alimony decreed originally in an interlocutory decree of divorce, plaintiff appeals.

*Facts:* On March 20, 1940, an interlocutory decree of divorce was entered in favor of plaintiff which contained the following provisions:

"It Is Hereby Further Ordered, Adjudged and Decreed that Defendant pay unto Plaintiff as alimony for her support and maintenance, Sixty ($60.00) Dollars per month, effective February 1, 1940, payable Thirty ($30.00) Dollars on the 1st day of February and Thirty ($30.00) Dollars on the 15th day of February 1940, and Thirty ($30.00) Dollars on the 1st and Thirty ($30.00) Dollars on the 15th respectively of each and every month thereafter.

"It is Further Ordered that if Defendant herein shall receive by way of salary, bonus, wages commission or by way of any other income, a sum of money or moneys worth in excess of One Hundred Eighty ($180.00) Dollars per month, then one-half (½) of all such excess in money or moneys worth shall be payable to Plaintiff at the same time and in the same manner as Defendant is herein required to pay plaintiff alimony of $60.00 per month. . . .

"(d) That on August 1, 1940, defendant Charles W. Brady shall render unto the plaintiff herein a full, true and accurate accounting of the condition of said copartnership and he shall semi-annually thereafter render unto plaintiff, Ethel Brady, an account of the financial condition of said copartnership, which shall reflect a statement of assets and liabilities, as well as a profit and loss statement."

On October 22, 1941, pursuant to an oral stipulation of the parties an order was made modifying the foregoing provisions to provide that the alimony be increased from $60 per month to $75 per month, and that the portion of the interlocutory decree requiring defendant to pay plaintiff one-half of his earnings in excess of $180 per month be stricken from the decree. Defendant was released from his obligation to render an accounting to plaintiff as provided in paragraph (d), *supra.*

On October 14, 1948, after the hearing of an order to show cause why the alimony should not be reduced, the trial court ordered it reduced from $75 per month to $40 per month.

■ *Questions: First: Did the trial court have jurisdiction to modify and reduce the alimony ordered by the interlocutory decree of divorce as amended by the order of October 22, 1941, predicated upon the stipulation of the parties?*

This question must be answered in the affirmative. Section 139 of the Civil Code* provides that where in a decree for divorce the court awards alimony to the wife for her support, the court may from time to time modify its order. In the instant case the award to plaintiff in the first two paragraphs of the interlocutory decree of divorce was exactly what it was denominated by the trial judge, an award of alimony, and therefore subject to the power of the trial court, pursuant to the provisions of section 139 of the Civil Code, to modify it at any time upon a proper showing.

The fact that this provision was subsequently modified by stipulation of the parties did not constitute the modification an award of alimony predicated upon a property settlement. An order predicated upon a stipulation of the parties as to the amount of alimony to be awarded to a wife which does not settle the property rights of the parties does not constitute an award predicated upon a property settlement. (*Smith v. Superior Court*, 89 Cal.App. 177, 189 [264 P. 573] ; *Smith v. Smith*, 94 Cal.App. 35, 40 [270 P. 463].) Therefore after the order of October 22, 1941, was made the payments pursuant to the provisions of the interlocutory decree as modified constituted merely payments of alimony, and the trial court had jurisdiction upon a proper showing to modify the same at a subsequent date.

In the present case the property rights of the parties were settled by order of the court in subsequent provisions of the interlocutory decree of divorce and not by stipulation of the parties.

■ *Second: Did the trial court abuse its discretion in reducing the amount of alimony plaintiff was to receive?*

This question must be answered in the negative. On review of an order reducing alimony the only question for an appellate court is whether there is any substantial evidence sup-

---

*Section 139, Civil Code, reads: ''Where a divorce is granted for an offense of the husband, the court may compel him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life or for a shorter period as the court may deem just, having regard to the circumstances of the parties respectively; and the court may from time to time modify its orders in these respects.''

porting the decision. (*Leupe* v. *Leupe,* 21 Cal.2d 145, 152 [130 P.2d 697].)

In the instant case plaintiff testified that she had inherited property from her mother. A portion of this property had been sold for $6,185, which she had received together with a note secured by a mortgage in the principal sum of $11,500, and she still retained 1,400 acres of land in Montana which had been leased and from which she received an unspecified income. In addition there was testimony that defendant was suffering from an ulcer and from heart disease which materially affected his ability to work. This evidence clearly supported the trial judge's finding that there had been a change in the condition of the parties which warranted a reduction in the amount of alimony defendant had been paying plaintiff.

Affirmed.

Moore, P. J., and Wilson, J., concurred.