The People of State of Illinois, Defendant in Error, v. Jean King, Plaintiff in Error.

Gen. No. 46,284.

Opinion filed March 24, 1954. Released for publication April 22, 1954.

ROBERT W. HEINZE, of Chicago, for plaintiff in error.

JOHN GUTKNECHT, State's Attorney of Cook county, of Chicago, for defendant in error; JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, and JORDAN JAY HILLMAN, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a writ of error to review the conviction of a defendant prosecuted under a faulty information and sentenced under the wrong statute. The State has confessed error in the sentencing, but seeks to sustain the information and asks for remandment for proper sentence.

The information alleges a violation of par. 327 of the Criminal Code [chap. 38, Ill. Rev. Stat. (1953)] [Jones Ill. Stats. Ann. 37.257] in that defendant did unlawfully "direct, transport . . . persons . . ." to a house kept for "prostitution . . ." with knowledge of the character of "the persons house of plate (sic)." The statute provides: "If any one shall, through invitation or device, prevail on any person to visit any room, building . . . kept for . . . prostitution . . . ."

 It is plain that the information does not charge defendant with prevailing upon anyone to visit the room. Our courts have not construed this statute, but a similar statute has been construed in California. There it was held that essential elements of the crime described are that the defendant "prevail on" persons to "visit" the room. *People v. Chase,* 117 Cal. App. Supp. 775, 1 P.2d 60; *Ex parte Chase,* 119 Cal. App. 432, 6 P.2d 577. The charge against defendant is consistent with merely telling a person whose mind is made up where the house is; or, the less likely event, transporting a sightseer who merely wants to see where the house is. The intent of the legislature is to prevent prostitution, fornication and gambling. We think the California decisions correctly construe the statute.

101

 Since the elements of the crime were not alleged, the information was void. *People v. Sowrd,* 370 Ill. 140.

For the reasons given the judgment is reversed.

*Judgment reversed.*

FEINBERG, P. J. and LEWE, J., concur.