People of the State of Illinois, Plaintiff-Appellee, v. Everett Hayden, Defendant-Appellant.

Gen. No. 47,814.

First District, Third Division.

June 29, 1960.

Morris W. Ellis, of Chicago, for appellant.

Benjamin S. Adamowski, State's Attorney (Francis X. Riley and William L. Carlin, Assistant State's Attorneys, of counsel) for appellee.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

In a nonjury trial the defendant, Everett Hayden, a cab driver, was found guilty of prevailing upon Joseph Mildice to visit a building kept for the purpose of prostitution, in violation of sec. 327, ch. 38, Ill. Rev. Stat. 1957. He was fined $100.

Two Chicago police officers, wearing insignia designating them as participants in a convention being held in the city, entered Hayden's cab with the request that he drive them to a certain night club. Ac-

cording to Officer Mildice, who was the only witness for the prosecution, Hayden suggested that if they were interested in girls a better place to go was a nearby hotel. Upon arriving there he told his passengers to register with the room clerk. Mildice went into the hotel while his partner remained with the driver. He registered as directed. He entered an elevator and told the operator what he wanted. The operator instructed him to go to his room and said that a girl would be sent there. About 15 minutes later the girl appeared, accepted $25 and started to disrobe.

The statute under which the defendant was convicted provides:

> "If any person shall, . . . *prevail* on any person to visit any room, building . . . kept for the purpose of gambling or prostitution or fornication, he shall, on conviction thereof, . . . be fined. . . ."

■ An ineptly drawn information charged Hayden with prevailing upon or offering to direct Mildice to a prostitute, or to a house of ill fame, having knowledge of the character of such person or house. Only the latter portion of the information could be regarded as within the purview of the statute and, as to this, Hayden's purported knowledge was not germane to the crime charged. The principal elements of this crime are that a defendant "shall . . . prevail on any person to visit . . ." (People v. King, 2 Ill.App.2d 100, 118 N.E.2d 620) and that the room or building shall be *"kept for the purpose of* gambling or *prostitution or fornication* . . ." One of these essentials was determined by Mildice's testimony that Hayden had prevailed upon him to change his destination from the night club to the hotel; the court accepted this version rather than Hayden's story that he merely followed the directions his passengers gave him. If the only

339

question involved were the veracity of the two witnesses, the court's decision would not be disturbed.

■ However, there was no evidence proving another element, that the hotel was kept for the purpose of prostitution or fornication. The officer testified he knew nothing about the hotel. The proof that it was kept for this purpose would rest, therefore, upon inferences which might be drawn from the cab driver's information that arrangements for sexual intercourse could be made through an employee, the negotiations of the officer with the employee, and the girl coming to the room.

These inferences are insufficient to establish that anyone with authority, or his responsible agent, maintained the hotel for immoral purposes or encouraged or knowingly tolerated their occurrence. There is hardly a hotel where an employee, acting independently of the ownership or management, could not do what was done in this case. Any worldly-wise bellhop, elevator operator or other employee, with access to a telephone and a list of prostitutes who would respond to a telephone call, could furnish a girl to a willing guest. Such isolated or surreptitious acts would not prove that a hotel was kept for the purpose of prostitution or fornication.

The judgment of the Municipal Court is reversed.

Reversed.

SCHWARTZ, P. J., and McCORMICK, J., concur.